345 So.2d 1274 (1977)
Leonard GUILLORY, Plaintiff and Appellant,
v.
PITRE FORD COMPANY et al., Defendants and Appellees.
No. 5968.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
J. Harold Fontenot, Opelousas, for plaintiff-appellant.
Lewis & Lewis by James T. Guglielmo, Opelousas, Fusilier, Pucheu & Soileau by J. Wendel Fusilier, Ville Platte, for defendant-appellee.
Before HOOD, CULPEPPER and STOKER, JJ.
CULPEPPER, Judge.
The plaintiff, Leonard Guillory, Jr., filed this suit to rescind the sale of a Ford automobile for redhibitory defects. Named as defendants are the seller, Pitre Ford Company, and the manufacturer, Ford Motor Company. The district judge rejected plaintiff's demand to rescind the sale, but rendered judgment against Ford Motor Company for $500, on the basis of reduction of the purchase price. There is no judgment against Pitre Ford Company. Plaintiff appealed, seeking rescission of the sale and damages and attorney's fees. In the *1275 alternative, plaintiff seeks an increase in the reduction in price. Plaintiff does not complain on appeal of the failure to render judgment against Pitre Ford Company.
The facts are that on February 21, 1975, plaintiff purchased a new 1975 Ford Maverick from Pitre Ford Company for the price of $4,100, of which $1,100 was paid in cash and the deferred payments were $130.30 per month. Five or six weeks after the sale, and after the vehicle had been driven about 600 miles, plaintiff was driving in a hard rain and the car started leaking from under the dashboard on the passenger's side.
Plaintiff took the car back to Pitre Ford during the first part of April of 1975, and they resealed the windshield. However, about two weeks later while driving the vehicle in another hard rain, it leaked again in the same place. Plaintiff took the car back to Pitre Ford Company, and they again resealed the windshield.
While driving the car in Texas during a hard rain in May of 1975, the car started leaking again. Plaintiff took the car to a dealer in Texas, but apparently they were unable to fix the leak. In August, plaintiff took the car back to Pitre Ford Company in Ville Platte, Louisiana. They notified the Ford Motor Company in September and the manufacturer sent one of its representatives to determine the cause of the leak and accomplish the necessary repairs. During the latter part of September, the representative from Ford Motor Company decided that a weld in one of the seams on the right front portion of the car must have broken, and this allowed vibrations which continued to break the seals on the windshield. On instructions from the manufacturer's representative, Pitre Ford Company removed the fenders, the hood and the evaporator, thus exposing all of the welded seams on the front section of the vehicle, and they replaced the cowl and then replaced and resealed all of the other parts. Following these extensive repairs on about October 3, 1975, the vehicle was tested by Pitre Ford Company, and it still had a small leak, about six drops, in the corner of the windshield on the right side. This was repaired. On a return visit by the representative of the manufacturer on about October 25, 1975, they tested the vehicle again and it did not leak.
Pitre Ford notified plaintiff some time during October of 1975 that his car was repaired and requested that he pick it up. Plaintiff refused, advising Pitre Ford that he did not want to take the car back. By this time the vehicle had been driven about 11,000 miles and plaintiff had made seven of the installment payments. When plaintiff failed to make any further payments, foreclosure was instituted by Pitre Ford and the vehicle was sold at a sheriff's sale on December 16, 1975 for the price of $3,593. The purchaser was plaintiff's father, Leonard Guillory, Sr. During his testimony at the trial, the plaintiff admitted that his father had experienced no trouble with the car since purchasing it.
Part of the applicable law is succinctly set forth in the recent case of Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App. 2d Cir. 1975) as follows:
"In Louisiana sales, the seller is bound by an implied warranty that the thing sold is free of hidden defects and is reasonably fit for the product's intended use. C.C. Arts. 2475, 2476, 2520; Rey v. Cuccia, 298 So.2d 840 (La.Sup.Ct.1974). A redhibitory defect entitling the buyer to annul the sale is a defect in a thing sold `which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.' Article 2520."
If the defect appears within three days following the sale, it is presumed to have existed before the sale, but where the defect appears more than three days after the sale, the plaintiff bears the burden of proving that the defect existed before the sale was made to him, LSA-C.C. Article 2530.
Even though the plaintiff seeks the rescission of the sale for redhibitory defects, the judge may decree merely a reduction of the price. LSA-C.C. Article 2543. As a *1276 general rule, the measure of the amount of price reduction is the difference between the value of the thing as warranted by the seller and the value of the thing as it actually was. In most cases, this is the cost of repairing the defects. However, much discretion is left to the trial judge in determining the amount. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir. 1972).
As to attorney's fees, the Civil Code makes a basic distinction between sellers with and sellers without knowledge of the defects at the time of the sale. Article 2531 provides that the seller without knowledge is bound only to restore the price (or pay the reduction in value). Article 2545 provides that the seller with knowledge of the defects at the time of the sale must pay damages and a reasonable attorney's fee.
In Rey v. Cuccia, La., 298 So.2d 840 (S.Ct. 1974) the court held the manufacturer is presumed to know the defects in the thing made by him, and that the manufacturer is liable in a redhibitory action for damages and attorney's fees in the same manner as the seller.
In applying these rules to the present case, we take particular note of the rule of appellate review that the findings of fact by the trial judge should be sustained where there is a reasonable evidentiary basis to support those findings. As to the threshold issue of whether the defect complained of was such that it rendered the car "either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice", the district judge held that the defect did not warrant rescission of the sale. There is reasonable evidentiary basis to support this finding of fact. The defect was an inconvenience, but this occurred only when it rained, and it did not render the vehicle absolutely useless. It is true that plaintiff placed the vehicle in repair shops on several occasions. But after plaintiff had used the vehicle seven months and driven it 11,000 miles, the leak was finally completely repaired. We conclude the trial judge's refusal to rescind the sale must be affirmed.
As to the amount of the award of $500 for reduction of the purchase price, the evidence shows that this is approximately the cost of repairing the leak. This finding of fact by the trial judge is also affirmed.
As to the attorney's fees, the issue of fact here is whether the manufacturer knew of the defect at the time of the sale. The defect did not appear within three days after the sale, and therefore there is no presumption under LSA-C.C. Article 2530 that it existed at the time of the sale. An inference could be drawn that since the leak first occurred five or six weeks after the sale during a hard rain, it must have existed at the time of the sale. However, an equally reasonable inference could be drawn that under the testimony of Ford Motor Company's expert, that the cause of the leak was probably a break in one of the welds, this could have occurred more than three days after the sale. Under these circumstances, we find the evidence reasonably supports the finding of fact by the trial judge that the defect did not exist until more than three days after the sale. Under this finding of fact the manufacturer had no knowledge of the defect at the time of the sale and is not liable for damages or attorney's fees.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.