DOUCET, Judge.
Tommy J. Willis brought this redhibitory action against defendants, Ford Motor Company, Ford Motor Credit Company, and Lewis Roy Motors, Inc., seeking the recission of a sale of a 1978 Ford automobile. The trial court found that the automobile contained redhibitory defects, as alleged by plaintiff, and granted a reduction of the purchase price and attorney’s fees. Defendants appeal.
On September 11, 1978, plaintiff purchased a 1978 Ford Pinto Station Wagon from Lewis Roy Motors, Inc., an authorized Ford dealer, in Marksville, Louisiana. Plaintiff gave a $600.00 down payment on the purchase price of $4,822.00 and financed the balance. The unpaid balance plus insurance, taxes, fees, and finance charges came to $5,927.04, which was payable in forty-two monthly installments of $141.12.
Plaintiff filed this suit on November 21, 1978, alleging the existence of redhibitory defects in the car, including overheating of the rear deck, severe vibrations at speeds above forty-five miles per hour, excessive noise coming from the rear of the vehicle, poor gas mileage, and pulling or darting of the vehicle when the brakes were applied. It was established at the trial that the dealer had' made numerous attempts to remedy plaintiff’s complaints. In the first four months of his ownership of the car, three sets of tires were put on it, the exhaust system was tuned and rebraced, the carburetor and ignition systems were reworked, the tires were balanced, the front end was aligned, and the rear deck was reinsulated and recarpeted. Plaintiff was, of course, deprived of the use of his automobile when these repairs were being made.
After reviewing all of the evidence, the trial judge reached the following conclusions, which are quoted from his written reasons for judgment:
“In this case the evidence established:
1. That the thing sold is useless for its purpose or that its use is so inconvenient and unreliable that it must be supposed the purchaser would not have made the purchase would he have known of the defects.
2. That the defects complained of existed at the time of the purchase and were neither known to Plaintiff-buyer nor apparent to him.
3. That the seller could not or would not correct the defects when it was given opportunity to do so.
“It is clear from the testimony of all Plaintiff’s witnesses that there is no single defect of this automobile which is irreparable or which would be classified as ‘major’ in nature.
“The cumulative effect of these ‘minor’ defects was such that after almost a year of ownership, the car only had 3,716 miles on it, and in the first three months of use, during which constant repairs were being attempted, only 1,400 miles were put on this car. The record reveals that Plaintiff has not received the use from this vehicle he is entitled to, and the use that he has received was so inconvenient and unreliable that it is clear plaintiff would not have purchased this vehicle had he known of these multiple defects.
“The numerous defects found in this vehicle are not of sufficient gravity to justify recission of the sale; however, plaintiff is entitled to a $1,040.00 reduction of the original sale price as a result of the losses, inconvenience and defects in this vehicle. This $1,040.00 should be deducted to arrive at the figure upon which interest and other charges are based in the sales contract. The sales contract and supporting papers should be amended or redrawn to reflect this reduction in basic price.”
In addition to the reduction of the purchase price, the trial court awarded plaintiff a *138 $500.00 attorney’s fee pursuant to LSA-C.C. art. 2545.
On appeal, defendants argue that the trial judge erred in finding that there were sufficient defects in the automobile to entitle plaintiff to a reduction in the purchase price. In the alternative, they argue that the amount of the reduction was excessive.
After carefully reviewing the evidence in the record, we find no manifest error on the part of the trial court in finding that the automobile contained redhibito-ry defects, such that plaintiff is entitled to a reduction of its purchase price. We agree that plaintiff proved the existence of multiple defects, which were a constant source of irritation and inconvenience to him. That finding will, therefore, not be disturbed. Cangelosi v. McInnis Peterson Chevrolet, Inc., 373 So.2d 1346 (La.App. 1st Cir. 1979); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
With regard to the amount of the reduction, defendants argue that the defects in the automobile were not of a very serious nature. They cite this court’s opinion in Guillory v. Pitre Ford Company, 345 So.2d 1274 (La.App. 3rd Cir. 1977) as authority for the general rule that the measure of the amount of the price reduction is the cost of repairing the defects. They point out that in the present case, the defects could be cured for considerably less than the $1,040.00 reduction that was awarded.
In Guillory, this court said:
“Even though the plaintiff seeks the recission of the sale for redhibitory defects, the judge may decree merely a reduction of the price. LSA-C.C. Article 2543. As a general rule, the measure of the amount of price reduction is the difference between the value of the thing as warranted by the seller and the value of the thing as it actually was. In most cases, this is the cost of repairing the defects. However, much discretion is left to the trial judge in determining the amount. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir. 1972)..”
(emphasis added)
In view of the poor service, which plaintiff received from the car, due to its numerous defects, we do not believe that the trial judge abused his discretion in awarding the $1,040.00 reduction.
The only other matter to be disposed of is plaintiff’s request for additional attorney’s fees for services rendered on appeal. The request was made in his brief, which was filed after the delay for answering the appeal. Due to his failure to answer the appeal and ask for these additional attorney’s fees, the request must be denied. LSA-C.C.P. Art. 2133; Gour v. Daray Motor Co., Inc., 373 So.2d 571 (La.App. 3rd Cir. 1979).
For these reasons, the the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellants.

AFFIRMED.