STOULIG, Judge.
Plaintiff, Satoshi Waite, filed suit against defendants, Tomeny River Road Estates, Inc., and Pat J. Tomeny, Jr., to rescind a contract of sale involving a mobile home trailer. Alleging bad faith and fraud on the seller’s part, plaintiff asked for damages and attorney fees or alternatively, rescission of the sale because of redhibitory defects.
Defendants first pleaded a declinatory exception due to insufficiency of service of process, which apparently was never adjudicated. Then, without reserving their rights under the exception, defendants answered with a general denial and pleaded no special defenses.
The trial court rendered judgment against both defendants awarding plaintiff $24,943.89, representing the down payment of $2,800; the subsequent monthly payments of $7,597.24 to the finance company; the payout figure to satisfy the mortgage of $11,546.65; and $3,000 of other costs and expenses. In its judgment the trial court noted the claim for attorney fees was to be taken under advisement. Within the delays for applying for a new trial, the trial judge, on his own motion, amended the judgment to delete the award of $3,000 and to vacate the entire judgment insofar as it cast Pat J. Tomeny, Jr., individually, as a solidary obli-gor with the corporation Tomeny River Road Estates, Inc. He gave as his reason the failure to serve and cite Tomeny individually with a copy of the petition.
Defendants appealed and plaintiff answered the appeal.
The evidence preponderates to the effect that Bill Harris, the seller’s representative, made two serious misrepresentations to plaintiff when he was purchasing the trailer. Plaintiff testified that Harris said the trailer was new and that the land on which the trailer was parked would be plaintiff’s property after he paid a given number of installment payments. As it developed, the trailer was not new and had been abandoned by the original owner because it had serious leaks in the structure that caused frequent flooding in the interi- or. In addition, the land was being leased and not sold to plaintiff.
During the two years that followed the sale, several things occurred to make plaintiff and his wife suspect the trailer was not new when they bought it. In talking with *72 John McGee, a neighbor in the trailer park, plaintiff was told that he (McGee) had visited a previous occupant of their trailer. At this point plaintiff’s wife testified she questioned Harris as to whether the trailer was new and he assured her it was. He told her people in the trailer park had lied to her. The suspicion lingered but was not confirmed until April 1976.
On the land ownership issue, plaintiff and his wife, thinking they were making installment payments on the lot, repeatedly asked for “papers” evidencing their ownership. Harris and Pat Tomeny, Jr., kept putting them off. In April 1976, plaintiff refused to continue making the monthly land payments without the papers and about this time consulted an attorney.
On their attorney’s instructions they looked through whatever papers they had or could find in the trailer that might give more information to assist with their claim. Mrs. Waite then looked through a packet of papers that had been in the trailer when they moved in that she had put aside and had forgotten. She found a registration slip reflecting that one Cassidy Billiot had purchased the trailer prior to their acquisition. Billiot testified that he had lived in it for six months and vacated it because of numerous leaks and other defects.
One of the incidents to confirm the Waites’ growing suspicion that Tomeny’s representatives had misled them was a notice their rent would be increased from $55 to $65 per month. When plaintiff confirmed the trailer was in fact used and the trailer lot was not to be theirs, he tried to have Tomeny’s agent Harris install the wheels that came with the trailer. Harris admitted having the wheels which he conceded were accessories of the sale but failed to explain why they were not installed.
Harris, the salesman for Tomeny River Road Estates, Inc., said he too assumed the unit was new when he sold it due to his inexperience in selling trailers. He could neither confirm nor deny specifically telling Mr. and Mrs. Waite it was new. He denied he told them they were buying the land. He testified the monthly payment of $55 was the ground rental fee on which the trailer was parked. The monthly payment was treated by the corporation as rent and the receipts their employees issued variously referred to the payments as “land note” or “payment on lot” or “rent”. These references lend considerable credence to the purchaser’s statement that he was told he was buying the land. In addition, Pat To-meny did not testify for defendant Tomeny River Road Estates, Inc., although he was involved in the transaction.
In summary, we conclude Bill Harris and Pat Tomeny, Jr., as representatives of the corporate defendant, knowingly misrepresented the mobile home was new when in fact it was not and further deceived plaintiff about the ownership of the lot. We also conclude that the trailer was defective in that it leaked and had numerous other problems incidental thereto.
The measure of damages to which the plaintiff is entitled is set forth in C.C. art. 2545 as follows:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
The sale price of this trailer was $13,648, of which plaintiff deposited $2,800 in cash (which included a $2,000 trade-in allowed on another trailer) and financed the balance with Commercial Credit Corporation. Plaintiff is entitled to recover the down payment, all installment payments made to the finance company and the amount it will require to pay off the mortgage balance on the vehicle. In addition he is entitled to all expenses he incurred, plus reasonable attorney fees. Thus we summarize plaintiff’s damages as follows:
*73 Deposit on sale price $ 2,800.00
Total amount paid Commercial Credit Corporation at date of trial 7,773.92
Attorney fees 3,500.00
Replacement refrigerator 302.34
Sun porch 295.00
Installation of porch 85.00
Air conditioning installation 300.45
Trailer tie downs 156.00
$15,212.71
Plaintiff is also entitled to an additional credit for the amount of monthly installments paid between the time of the trial and the time this opinion becomes final, as well as a judgment for the amount it will take to pay off the mortgage loan at the time the trailer is reconveyed and the seller returns the purchase price with the damages we assess.
Defendants claim the corporation is entitled to offset plaintiff’s use of the land and the trailer. In this connection we point out that the plea of offset was not affirmatively pleaded as a special defense as required by C.C.P. art. 1005.
With respect to rental value of the land, there is evidence admitted without objection that rental value of the land until April 1976 was $55 per month. The value of the lot is established by the testimony of defendants’ agent Harris; what is disputed is whether this monthly payment was to ultimately be applied to a purchase price. After moving into the trailer park, plaintiff was allowed a grace period of six months without making the monthly payments of $55. At this point in time—December 1974 —plaintiff began paying $55 per month until April 1976 when he was notified by defendants that rent would be increased to $65. Upon learning the payment was in fact for rental and the trailer was not new, plaintiff discontinued the land payments and demanded his wheels so that he could move from the property. When defendants who admittedly had the wheels refused to install them, it effectively prevented plaintiff from vacating. Thus no credit is due to defendants for use of the land except that the payments made through April 1976 to defendants as rent are not refundable under plaintiff’s land-purchase theory.
The pleadings have not been expanded to set forth an affirmative defense quoad value of the use of the trailer. Therefore we will not allow it. In White v. Martin GMC Trucks, Inc., 359 So.2d 1094 (La.App. 3d Cir. 1978), the court reached the same result we do here via a different rationalization. It held that where the value of the use of the object sold pending the redhibitory action has not been established, it is reasoned that the use of the money paid for the object during the interim offsets the value of the use by the purchaser.
We finally consider the liability of Tomeny individually. Without sorting through the procedural arguments, we simply note there is not one scintilla of evidence that establishes Tomeny individually sold the trailer. The record indicates the vendor is the defendant corporation.
For the reasons assigned the judgment appealed from is amended to award plaintiff the sum of $11,712.71, plus the sum of the additional monthly installments paid to Commercial Credit Corporation from the computation made at the trial until this matter becomes final, together with the mortgage payout due Commercial Credit Corporation when the trailer is reconveyed to defendant Tomeny River Road Estates, Inc., also $3,500 attorney fees, with legal interest on said sums from judicial demand until paid. The judgment vacating the judgment against Pat J. Tomeny, Jr., is affirmed. All costs are to be borne by appellant.

AMENDED AND AFFIRMED.