LEAR, Judge.
Plaintiffs filed suit in behalf of their minor children alleging that their children were injured as a direct result of the negligence of certain elected and appointed public officials of Terrebonne Parish.
Plaintiffs allege that the Terrebonne Parish Parks and Recreation Board sponsored a class in karate which was open to the public, and that one Wayne Hunt was employed to teach the said course. Plaintiff, Brunet, further alleges that Wayne Hunt on separate occasions used the position, in which he was entrusted, to sexually abuse Brunet’s minor son. Plaintiff Collins alleges that when these acts of abuse were brought to the attention of the sheriff and coroner, neither responded promptly. In that ensuing period, Collins’ minor child was sexually assaulted. Plaintiffs allege that the board was negligent in hiring Hunt and that the sheriff and coroner breached their duty to investigate promptly these alleged acts of abuse.
Each of the named defendant-appellees, Coroner Ray Cinnater, Sheriff Charlton Ro-zands, and Deputy Sheriff James Sears, is insured by an insurance carrier which has been made a party defendant herein.
Defendants filed a motion pursuant to R.S. 42:261(E)[1] to require plaintiffs to post a bond for attorneys’ fees, which plaintiffs opposed. Plaintiffs’ opposition was based on several factors: (1) All defendants were being represented by attorneys provided by their respective insurance carriers; (2) the provisions of R.S. 42:261(E) are unconstitutional; and (3) alternatively, plaintiffs should be permitted to proceed in forma pauperis. The trial court sustained defendants’ motion and ordered that plaintiffs post bond in the amount of $5,000.00, aggregate: $2,500.00 in reference to Rozands and James, and $2,500.00 in reference to Cinna-ter.
After plaintiffs failed to post bond within the time fixed by the trial court, the court granted judgments of partial dismissal in favor of defendants, Cinnater, Rozands and James. Plaintiffs-appellants now perfect this appeal.
The sole issue to be resolved by this court today is that of the application of R.S. 42:261(E) under the circumstances of this case. Although the record does not reflect that an evidentiary hearing was held, all counsel have conceded in argument that no attorney has been retained by defendants-appellees herein; that, in fact, all attorneys representing the respective defendants are provided by the insurer pursuant to contracts of insurance. When asked by the court during argument, “Who is footing the bill for ‘attorneys fees’ ?”, defense counsel readily conceded that the insurance carrier is incurring the cost of the defense of those defendants here sued.
R.S. 42:261(E) states in pertinent part:
“Any party who files suit against any duly elected or appointed public official of this state of [sic] or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office . . . and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees should be fixed by the court.” (Emphasis added.)
*334 The motion to furnish bond was filed by attorneys representing the sheriff and coroner, who, by their own concession, are retained and provided by the insurance carrier. There are no other attorneys of record representing the defendants.
R.S. 42:261(E) is, therefore, inapplicable under the circumstances of this case. The issue of its constitutionality, which looms ever larger in view of Article I, Section 22 of the Louisiana Constitution of 1974, is here pretermitted.
The judgment of the district court is reversed and the case is remanded; defendants-appellees are to pay all costs of these proceedings.
REVERSED AND REMANDED.

. R.S. 42:261(E):
“Any party who files suit against any duly elected or appointed public official of this state of [sic] or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
“The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.”