387 So.2d 1240 (1980)
Murlon WEBB
v.
POLK CHEVROLET, INC.
No. 13368.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Writ Refused September 19, 1980.
*1241 Johnnie A. Jones, Adair D. Jones, Baton Rouge, counsel for plaintiff-appellant Murlon Webb.
David M. Vaughn and John Dale Powers, Baton Rouge, counsel for defendant-appellee Polk Chevrolet, Inc.
Henry D. Salassi, Jr., Baton Rouge, counsel for third party defendant-appellee Chevrolet Division, General Motors Corp.
Before ELLIS, CHIASSON and PONDER, JJ.
This is a redhibitory action in which plaintiff Murlon Webb seeks the rescission of a sale of an automobile made to him by Polk Chevrolet, Inc. During the presentation of his case, plaintiff placed in evidence a document entitled "Purchase and Disclaimer Contract," which reads, in pertinent part, as follows:
"I do hereby contract to purchase from Polk Chevrolet, Inc., under the terms and conditions specified herein, and on the reverse side of this agreement, all of which I have read, the vehicle described above for the sum of $________. It is agreed, however, that neither you nor the Manufacturer will be liable for failure to effect delivery.

DISCLAIMER AND WAIVER OF ALL WARRANTIES
"Any warranties, express or implied, on the products sold hereby are those made by the manufacturer. There is no service contract made or entered into by Polk Chevrolet, Inc. Seller, Polk Chevrolet, Inc., expressly disclaims all warranties, express, or implied, including any implied warranties of merchantability or fitness for a particular purpose, and Polk Chevrolet, Inc. neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said product.
"Read and agreed to this 4 day of May, 1978.
 s/ Murlon Webb 
 Buyer
"This order is not binding on dealer until accepted by dealer in writing. The warranty *1242 exclusion has been brought to my attention and explained to me and I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. The front and back of this order comprise the entire agreement pertaining to this purchase and no other agreement of any kind, verbal understanding or promise whatsoever, will be recognized. Receipt of a copy of this order is hereby acknowledged."
The document was signed by plaintiff twice: once at the end of the paragraph disclaiming all warranties, and again at the end of the contract.
When plaintiff attempted to testify that he had not read, nor had explained to him, the warranty disclaimer, defendant objected on the ground that the foregoing document was placed in evidence without limitation by plaintiff, that plaintiff was bound by its contents, and that plaintiff could not introduce evidence which tended to vary the terms thereof. The objection was sustained, and plaintiff was obliged to place all such evidence in the record by way of proffer.
At the conclusion of plaintiff's case, defendant moved for a directed verdict, urging that plaintiff had waived all warranties as to Polk, and was therefore not entitled to bring the redhibitory action. The trial judge agreed, and judgment was signed dismissing plaintiff's case. Plaintiff has appealed.
In Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973), the court stated that although "the buyer may waive the implied warranty against hidden defects (C.C. 1764(2) and 2548), the waiver must be clear and unambiguous. C.C. 2474; Andry v. Foy, 6 Mart. (O.S.) 689 (1819)." The Prince case, supra, and its progeny have established the rules that a waiver must be clear and unambiguous; must be contained in the sale document; and must be either brought to the attention of the buyer or explained to him. Prince v. Paretti Pontiac Company, Inc., supra; Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir. 1976); Thibodeaux v. Meaux's Auto Sales, Inc., 364 So.2d 1370 (La.App. 3rd Cir. 1978).
In this court, plaintiff contends that the waiver in this case does not satisfy the foregoing requirements only because it was not brought to his attention or explained to him. However, the "Purchase and Disclaimer Contract," which was placed in evidence without limitation by plaintiff, and which was twice signed by him, contains a statement to the effect that the waiver clause had been brought to his attention and explained to him. Defendant argues that, under the circumstances of its introduction, plaintiff is bound by the expressions contained in the document, and cannot give testimony to vary the terms thereof.
We cannot agree. Admittedly, there is a general rule of evidence to the effect that a document is conclusive evidence of its contents as to the party who introduces it into evidence. However, other circumstances can militate against the strict application of this rule. It is apparent from the pleadings and from the pre-trial order that the "Purchase and Disclaimer Contract" was a major part of the defense of Polk Chevrolet. It was placed in evidence by plaintiff at the beginning of the trial, before any witnesses had been called, and at a time when documents relating to the case in general were being introduced. We think it clear that the document was introduced by plaintiff only as evidence of the sale transaction, and not as proof of all of the conditions contained therein.
The rules of evidence are necessary to the orderly conduct of legal proceedings, but should not be so construed as to limit the presentation of a party's case, when the issues are clear and a substantial injustice might result from a strict application thereof.
Plaintiff's testimony, and that of his then fiancee, which is in the record by proffer, and which is not contradicted, is to the *1243 effect that plaintiff did not read the document and that it was neither read nor explained to him. Under the Prince case, supra, he would not be bound thereby. The defendant may be able to prove otherwise when its case is presented, but plaintiff has made out a prima facie case in chief.
We hold that, under the circumstances of this case, plaintiff's evidence, that he had not read nor had read and explained to him the document, should have been admitted in evidence; and that the motion for a directed verdict should not have been granted on the basis of the alleged waiver of warranty contained therein.
The judgment appealed from is therefore reversed and set aside, and there will be judgment remanding the case to the trial court for the completion of the trial hereof, in accordance with law. Defendant shall pay all costs of this appeal, with all other costs to await final determination hereof on the merits.
REVERSED AND REMANDED.