426 So.2d 691 (1982)
GENERAL MOTORS ACCEPTANCE CORPORATION
v.
Johnny JOHNSON.
No. 82 CA 0309.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
Writ Denied April 15, 1983.
*693 J. Glenn Dupree, Baton Rouge, for plaintiff-appellee General Motors Acceptance Corp.
John Samaha, Baton Rouge, for defendant-appellant Johnny Johnson.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This appeal arises from a suit for a deficiency judgment. Defendant, Johnny Johnson, in connection with the purchase of a used demonstrator-model 1978 Opel automobile, executed a promissory note payable to the order of "MYSELF (OURSELVES)" on February 13, 1978. The note was endorsed in blank, and was in the sum of $6,633.12. It was paraphed "Ne Varietur" by a notary to identify it with an act of sale and chattel mortgage simultaneously executed by Johnson for the purchase of the vehicle. The vehicle was mortgaged unto any future holder of the note.
Payments on the note ceased in November of 1980. General Motors Acceptance Corporation (GMAC), the holder of the note, enforced an acceleration clause and instituted executory process. The 1978 Opel was seized and sold at sheriff's sale, with appraisement, and the amount obtained thereby was credited to Johnson; however, a balance of $2,778.48 was left owing *694 on the note. This suit for a deficiency judgment was then instituted by GMAC.
After Johnson answered with a general denial, GMAC moved for a summary judgment in its favor. On December 3, 1981, Johnson filed a countering affidavit attesting to redhibitory defects in the vehicle which had appeared during February of 1979. The trial court granted summary judgment in favor of GMAC. Johnson moved for a new trial, arguing that La. Code Civ.P. art. 424,[1] a part of which was apparently relied on by the trial court, operated to deny him equal protection of the law, violating the Constitutions of the United States and of Louisiana. After the motion for a new trial was denied, Johnson moved for and was granted a devolutive appeal.
Defendant-appellant Johnny Johnson argues generally on appeal that summary judgment was improvidently granted, and re-asserts his contention that La.Code Civ.P. art. 424, found applicable by the trial court, operated to deny him equal protection of the law in violation of the U.S. Constitution and the Louisiana Constitution (1974).

WAIVER
We initially note the following language which appears in the sale with chattel mortgage:
"WAIVER OF IMPLIED WARRANTIES (Used Vehicle Sales Only)
Vendor (mortgagee) and Purchaser (mortgagor) understand and agree that this sale is made without any warranty whatsoever, express or implied, except as to title and except as to those warranties specifically listed below, which Purchaser accepts in lieu of any other warranty by either Vendor or manufacturer. Purchaser hereby expressly waives all implied warranties (including, without limitation, any warranty of merchantability, any warranty of fitness for a particular purpose, and any warranty against hidden or latent defects) arising under the provisions of Louisiana law, including particularly Revised Civil Code Articles 2520 through 2548. Purchaser hereby further expressly waives any right Purchaser may have to demand a rescission or resolution of this sale or reduction of the purchase price for breach of any such implied warranties.
"Warranties made (if any):"
The signature of Johnny Johnson appears beneath this waiver provision. The waiver, if enforced, would provide a basis for affirming the summary judgment in favor of GMAC without the necessity of our discussing the constitutional issue. See Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); State in the Interest of Toler, 262 La. 557, 263 So.2d 888 (La.1972); Collins v. Rozands, 385 So.2d 332 (La.App. 1st Cir.1980).
It is well established that for a waiver of warranty to be effective, three requirements must be met:
(1) the waiver must be written in clear and unambiguous terms;
(2) the waiver must be contained in the sale and chattel mortgage document; and
(3) the waiver must either be brought to the attention of the buyer or explained to him.
See: Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973); Webb v. Polk Chevrolet, Inc., 387 So.2d 1240 (La.App. 1st Cir.1980); writ ref. 390 So.2d 1344 (La. 1980).
*695 The third requirement is not met in the instant case. The act of sale with mortgage does not feature a written, signed acknowledgement that the debtor has read and understood his waiver or warranty, nor do the affidavits on record indicate that the waiver provision was demonstrated or explained to Johnson. Thus, the signed waiver in the act of sale does not sustain summary judgment in favor of GMAC.

La.Code Civ.P. Art. 424
We must also determine whether La.Code Civ.P. art. 424 even applies to the parties involved herein. Redhibition is a remedy whereby a buyer rescinds the sale, and ordinarily it lies against the seller or manufacturer of the thing sold. GMAC, on the other hand, neither sold the vehicle to Johnson nor manufactured it. Nonetheless, the following language appeared in the sale and chattel mortgage:
"NOTICE
"Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."
This "notice" language is mandated by 16 C.F.R. § 433, and is designed to protect the buyer from being precluded from asserting a defense against the seller by the latter's transferring the note to a holder in due course. Thus, redhibition is available against GMAC.
The note itself meets all the requirements of negotiability. Additionally, the defense of redhibitory defects was asserted more than one year after the sale and more than one year after discovery of the alleged defects; thus, the redhibitory claim would have prescribed either under La.Civ.Code art. 2534[2] or under La.Civ.Code art. 2546.[3] Therefore, La.Code Civ.P. art. 424 is applicable in the case sub judice and would, if upheld, provide the basis for summary judgment in favor of GMAC.

CONSTITUTIONAL STANDARDS
Generally, the constitutional guarantee of equal protection of the law requires that state laws affect alike all persons and interests similarly situated. Burmaster v. Gravity Drainage District No. 2 of Parish of St. Charles, 366 So.2d 1381 (La.1978); Succession of Robins, 349 So.2d 276 (La.1977). In determining whether a statute denies equal protection, the court must first decide whether the legislation operates to the disadvantage of some "suspect" class or impinges on some fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict judicial scrutiny. Bazley v. Totorich, 397 So.2d 475 (La.1981). Suspect classifications are those which involve race, alienage, national origin, religion, or some other discrete and insular minority group. Bazley, supra at 483; Burmaster, supra at 1386. Clearly, La.Code Civ.P. art. 424 does not discriminate against a suspect classification, since those affected are not distinguished by race or any other unalterable trait.
*696 Johnson argues, however, that strict scrutiny should apply in the case sub judice because La.Code Civ.P. art. 424 operates to impinge on a fundamental right which is recognized by the maxim, "things which are temporary for the purposes of attack are permanent for the purposes of defense." See official comment (b), La. Code Civ.P. art. 424. While we recognize the fact that the quoted maxim has long been a part of the Louisiana jurisprudence, we are of the opinion that the maxim expresses no fundamental right protected by the Constitution. Fundamental rights for equal protection purposes include such rights as freedom of speech and association, exercise of the voting franchise, freedom of interstate travel, the right to privacy, and other fundamental liberties, Everett v. Goldman, 359 So.2d 1256 (La.1978). Certainly, the ability to use a prescribed claim in redhibition as a defense to a suit on a negotiable instrument has not the primacy of those rights recognized as fundamental for equal protection purposes.
Inasmuch as no suspect classifications or fundamental rights are involved herein, strict judicial scrutiny is not required. The standard which applies in all other instances is whether the differentiation created by La.Code Civ.P. art. 424 has a rational basis which is reasonably related to a legitimate state purpose, and thus does not constitute invidious, capricious, or arbitrary discrimination. Bazley, supra; ACORN v. City of New Orleans, 377 So.2d 1206 (La.1979), appeal dismissed in Geeck v. City of New Orleans, 446 U.S. 961, 100 S.Ct. 2934, 64 L.Ed.2d 819, rehearing den. 448 U.S. 912, 101 S.Ct. 28, 65 L.Ed.2d 1173.

RATIONAL BASIS
Johnson asserts that the sole purpose of La.Code Civ.P. art. 424 is to remove an obstacle in the collection process of automobile finance companies, who purchase negotiable instruments from car dealers. We note, however, that the pertinent part of the statute runs in favor of all payees or holders of negotiable instruments against makers who assert a prescribed redhibitory claim as a defense; its effect is in no way limited to automobile credit sales.
In the consumer credit context, however, under 16 C.F.R. § 433, all "consumer credit contracts" must contain the "notice" language cited supra to the effect that all holders take the note subject to any defenses which can be asserted against the seller. The express purpose of the Federal Trade Commission regulation is to prevent the seller in a consumer credit transaction from separating the buyer's duty to pay from the seller's duty to perform as promised, by selling the buyer's promissory note to a financing institution, as against whom, because of holder status, defenses would otherwise not be available. The Louisiana Supreme Court in Jefferson Bank and Trust Company v. Stamatiou, 384 So.2d 388 (La. 1980) held that the inclusion of this provision, as mandated by federal law, precluded a banking institution from asserting its status as a holder in due course against a maker who claimed redhibitory defects of his vehicle in defense of a suit on a promissory note.
When viewed in connection with the FTC regulation, the purpose of La.Code Civ.P. art. 424 becomes obvious: to increase the merchantability of negotiable instruments by limiting the defenses assertable against the seller. Under the FTC regulations, all holders take subject to defenses assertable against the seller; La.Code Civ.P. art. 424 protects subsequent holders by limiting the defense of redhibition. The defense of redhibition must be asserted prior to the passage of prescriptive period therefor. Thus, the federal regulation cannot avail the appellant since, under state law, redhibition (once prescribed) is not an available defense against the seller.[4]
*697 By limiting the defense of redhibition which a maker may assert against a payee or subsequent holder, the risks involved in purchasing negotiable instruments are reduced. Reduction in risk results in a lower discount rate, which increases merchantability, and we are of the opinion that increasing the merchantability of negotiable instruments is a legitimate state interest.
Additionally, under redhibition, the buyer must prove that the defects alleged existed at the time of the sale, La.Civ.Code art. 2530. With the passage of long periods of time, this burden becomes increasingly difficult; thus, by not allowing the defense of redhibitory defects once the prescriptive period has passed, judicial efficiency is promoted by the elimination of a defense which would be practically impossible to sustain in court. Finally, the legislation promotes fundamental fairness in the judicial system: it reflects the judgment of the legislature that had the object sold truly been riddled with defects, the buyer would have actively sought a recission of the sale, rather than sitting on his claim in redhibition until same prescribed and then refusing to make payment on the negotiable instrument.
For all of the above reasons, we find La.Code Civ.P. art. 424 differentiates along a rational basis which is reasonably related to the furtherance of legitimate state interests. We therefore hold that the statute does not violate the equal protection clause of the Fourteenth Amendment to the U.S. Constitution nor of Art. 1, § 3 of the Louisiana Constitution (1974).

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs, both in this court and in the trial court are assessed to defendantappellant, Johnny Johnson.
AFFIRMED.
NOTES
[1] La.Code Civ.P. art. 424 reads:

"A person who has a right to enforce an obligation also has a right to use his cause of action as a defense.
"Except as otherwise provided herein, a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff. A prescribed cause of action arising under The Federal Consumer Credit Protection Act may not be used as a defense even if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff.
"However, in connection with the enforcement of a negotiable instrument the defense of redhibition may not be used if it has otherwise prescribed." (emphasis supplied)
[2] La.Civ.Code art. 2534 reads:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
"Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence."
[3] La.Civ.Code arts. 2545 and 2546 read:

Art. 2545.
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Art. 2546.
"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
"This discovery is not to be presumed; it must be proved by the seller."
[4] This effect of La.Code Civ.P. art. 424 could conceivably be argued to violate the Supremacy Clause of the U.S. Constitution (Art. VI, clause 2), since it inhibits the effectiveness of 16 C.F.R. § 433 by reducing the defenses available against holders and sellers alike. Nonetheless, the "Statement of Basis and Purpose" issued by the Federal Trade Commission in connection with 16 C.F.R. # 433 indicates that the courts of the several jurisdictions are the final arbiters of equities between sellers and purchasers. See 40 Federal Register 53424, Nov. 18, 1975. Thus, the enactment of 16 C.F.R. § 433 does not prevent Louisiana from limiting defenses available against sellers and holders alike, since determining rights and liabilities of sellers and purchasers is a matter of state law.