424 So.2d 1258 (1982)
Huey TUTTLE, Plaintiff-Appellant,
v.
LOWREY CHEVROLET, INC., et al., Defendants-Appellees.
No. 82-439.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1259 Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for plaintiff-appellant.
Skeels, Baker, Coleman & Strickland, Donald L. Baker, Shreveport, Lowther & Boone, William R. Boone, Many, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
Plaintiff, Huey Tuttle, brought this suit for rescission of the sale to him of a used 1978 Chevrolet diesel truck by Lowrey Chevrolet, Inc., (Lowrey Chevrolet) in Many, Louisiana. Also named as a defendant is General Motors Corporation, the manufacturer of the truck. Tuttle appeals from the trial court's judgment dismissing his suit. We reverse in part.
Tuttle purchased the truck from Lowrey Chevrolet on May 16, 1980, at which time it had an odometer reading of 39,577 miles. A short time later, probably June 30, 1980, Tuttle brought the truck back to Lowrey Chevrolet with complaints that it was using an excessive amount of oil and was "missing". At that time there were 41,608 miles on the odometer. Lowrey Chevrolet completely overhauled the engine at no cost to *1260 Tuttle and returned the truck to him on or about July 21, 1980.
Around the end of July or the beginning of August, Tuttle again brought the truck to Lowrey Chevrolet because he had accidently put contaminated fuel into it. This problem was corrected at Tuttle's expense. At the time of this repair, the odometer had a reading of 41,860.
In October of 1980, Tuttle took the truck to Lowrey Motor Company, Inc. (Lowrey Motor) in Mansfield, Louisiana, complaining that it was running badly. (Lowrey Motor Company, Inc., and Lowrey Chevrolet, Inc. are separate legal entities and not connected in any way.) There were 45,659 miles on the odometer by this time. Lowrey Motor completely overhauled the engine finding a blown head gasket, some broken piston rings, and other problems. Although Lowrey Chevrolet had not been consulted before Tuttle took the truck to Lowrey Motor, it agreed to and did pay for the second overhaul of the engine.
Some time after Lowrey Motor returned the truck to Tuttle, the crank shaft broke. Apparently, the truck has not been driven or repaired since that time and is still in the possession of Lowrey Motor in a somewhat deteriorated condition.
No oral or written reasons for judgment are found in the record. The judgment indicates only that the plaintiff failed to prove his case by a preponderance of the evidence. We find that plaintiff did prove the existence of a defect which rendered the truck useless for the purpose for which it was purchased and reverse the judgment of the trial court.
Under LSA-C.C. art. 2520, Tuttle is entitled to the warranty against redhibitory vices unless it has been expressly waived. Such a waiver must be written in clear and unambiguous terms, it must be contained in the sale and chattel mortgage document, and it must either be brought to the attention of the buyer or explained to him. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973); Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir.1976). It is the third requirement which is at question here.
Counsel for Lowrey Chevrolet urged at oral argument that parol evidence should not be admitted to alter the contents of a written contract. Counsel also urged that the sale contract contained a provision to the effect that no warranties, representations, promises or statements by the vendor were made unless they were incorporated in the contract or endorsed therein. We find some ambiguous language of this nature following the contract on the back page following the signatures and under the caption "ADDITIONAL TERMS". It is not clear that plaintiff agreed to this language. Following the contract is a separate "DISCLAIMER OF WARRANTIES" which is signed by the parties. Under somewhat analogous circumstances in Webb v. Polk Chevrolet, Inc., 387 So.2d 1240 (La.App. 1st Cir.1980) the Court of Appeal for the First Circuit held it was error for the trial court to exclude parol evidence purporting to establish that plaintiff buyer neither read the disclaimer of warranty nor had it explained to him.
Under the circumstances explained below, and following the reasoning of the Webb case, we feel warranted in making an exception to the parol evidence rule here.
Tuttle's testimony clearly indicates that he believed the waiver of warranty to mean that he would not be able to obtain a twelve-month warranty from General Motors because such a warranty was not offered for diesel engines. He testified that he was given a personal warranty from Lowrey Chevrolet's head salesman for ninety days or 3,000 miles. We find persuasive corroboration for Tuttle's statement in the testimony of Bert Sepulvado, a salesman involved in the transaction. He remembered that the head salesman had authorized a personal warranty, but could not recall the extent of the warranty. Regardless of the personal warranty question, Sepulvado was certain that he explained the waiver of warranty to Tuttle as he made it a practice to do so to every customer.
*1261 We are of the opinion that the alleged explanation of the waiver given along with an assurance that there would be a personal warranty on the car from Lowrey Chevrolet so qualified the waiver that it was rendered ineffective as to Lowrey Chevrolet. The giving of the personal warranty made the explanation ambiguous and therefore ineffective. Sepulvado admitted that the personal warranty given on behalf of Lowrey Chevrolet was part of the inducement to get Tuttle to buy the truck. From plaintiff's own testimony his warranty waiver, if any was otherwise due, was effective only as to General Motors.
Having determined that the waiver of warranty was ineffective, we must now consider the issue of whether a defect existed in the truck which rendered it useless for its intended purposes. The standard of proof for proving such a defect existed has been set out by the Louisiana Supreme Court in Rey v. Cuccia, 298 So.2d 840 (La. 1974). There the court stated:
"The buyer must prove that the defect existed before the sale was made to him. Article 2530. However, if he proves that the product purchased is not reasonably fit for its intended use, it is sufficient that he prove that the object is thus defective, without his being required to prove the exact or underlying cause for its malfunction." (Citations omitted.)
"The buyer may prove the existence of redhibitory defects at the time of the sale not only by direct evidence of eyewitnesses, but also by circumstantial evidence giving rise to the reasonable inference that the defect existed at the time of the sale." (Citations omitted.)
We believe that Tuttle has presented evidence sufficient to support his claim that a redhibitory defect existed in the truck and that the trial court was clearly wrong in failing to reach this result.
Within a period of six months, the truck underwent two complete overhauls. Each involved the replacement of rings, bearings, gaskets, and various other parts. Yet at the time of the second overhaul by Lowrey Motor, the truck had several broken rings and a blown head gasket. Shortly after the second overhaul, the crankshaft broke.
Much testimony was given regarding possible causes of the ring and crankshaft breakage, but none of the possibilities were conclusively proven. The evidence did not support an allegation of owner abuse nor was any particular part shown to be defective. Lowrey Chevrolet relies heavily on the proposition that the second overhaul by Lowrey Motor involved defective workmanship and caused the crankshaft to break. There was no evidence to support an allegation of defective workmanship by Lowrey Motor nor does this assertion explain why a second overhaul was needed at all.
Under the facts of this case, we think the only reasonable inference is that a defect existed in the truck at the time of sale rendering it unfit for its intended use. The exact cause of the truck's continued breakdown is unidentifiable. Rey v. Cuccia, supra. Cf. Willis v. Ford Motor Co., 383 So.2d 136 (La.App. 3rd Cir.1980).
Regarding defendant General Motors, we believe the trial court's judgment is correct. The truck was operated for 39,577 miles by prior owners without substantial repair. There is no evidence to show that a defect in design or manufacture existed from the time of manufacture.
There was some testimony at trial regarding the present deteriorated condition of the truck but no alternative demand for credit has been made. Although the date on which the truck was offered for return to Lowrey Chevrolet is not established, the matter of tender is not disputed. Circumstances indicate that most of the deterioration must have occurred after tender at which time the buyer had no duty to provide exceptional care for the truck. Hebert v. Claude Y. Woolfolk Corporation, 176 So.2d 814 (La.App. 3rd Cir.1965). We also note that the mileage for which Tuttle had use of the truck was not firmly established nor was there evidence of the value of that use. Since no affirmative defense was asserted regarding credit for Tuttle's use of the truck or its deterioration we will not *1262 allow it. Waite v. Tomeny River Road Estates, Inc., 367 So.2d 70 (La.App. 4th Cir. 1979), writ denied, 368 So.2d 136 (La.1979).
Plaintiff also seeks an award of attorney's fees pursuant to LSA-C.C. article 2545 which provides:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Although a manufacturer is presumed to know of an existing defect, a plaintiff must prove that a seller who is not the manufacturer knew of the defect at the time of sale. Lee v. Shaw, 402 So.2d 152 (La.App. 1st Cir.1981). We do not think the evidence in this case was sufficient to show that Lowrey Chevrolet knew of any existing defect when it sold the truck to Tuttle. The demand for attorneys' fees is rejected.
In his original petition, plaintiff itemized his damages and included the sum of $7,770.82 to cover "the cash price, sales taxes, licenses, title, life insurance and finance charges." The credit sale instrument reflected that plaintiff was given credit on the sale price in the amount of $740.02 consisting of a trade-in allowance of $540.02 and $200 as a cash down payment. The cash price was shown as $5,426.80. The balance after deducting $740.02 was shown as $4,686.78. Various fees and costs amounting to $497.09 brought the unpaid balance to $5,183.87. To this figure a finance charge of $1,846.93 was added. Therefore, we calculate the amount which plaintiff paid and for which plaintiff obligated himself to have been $7,770.82 (referred to in the credit sales instrument as "deferred payment price"). Itemized in its simplest form that figure is arrived at as follows:

Cash price (including $740.02 credit) $5,426.80
Various charges 497.09
Finance charge 1,846.93
 ________
 $7,770.82

In his brief on appeal, plaintiff asked for $8,510.84 which is the sum of $7,770.82 and $740.02. The latter figure is the credit consisting of the trade-in allowance ($540.02) and the down payment ($200.00). As shown above, the $740.02 is included in the figure of $7,770.82. This is the amount plaintiff prayed for in his petition and the sum he is entitled to. While plaintiff may not have paid the credit portion of the price, there is no evidence in the record as to who holds the obligation to which plaintiff bound himself when he signed the instrument in question. Hence, we will award plaintiff $7,770.82.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and rendered. We recast the decree as follows:
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Huey Tuttle, and against defendant, Lowrey Chevrolet, Inc., in the full sum of $7,770.82, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment in favor of defendant, General Motors Corporation, and against plaintiff, Huey Tuttle, rejecting his demands against it is affirmed.
The costs of proceedings in the trial court and on appeal are assessed to Lowrey Chevrolet, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.