500 So.2d 871 (1986)
Maricia A. HARVELL
v.
Joseph MICHELLI d/b/a Joe's Used Car Sales.
No. 85 CA 1413.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Anthony Lawrence, Baton Rouge, for plaintiff-appellee Maricia A. Harvell.
Carol E. Stracener, Baton Rouge, for defendant-appellant Joseph Michelli, d/b/a Joe's Used Car Sales.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
*872 CRAIN, Judge.
On November 21, 1983, Maricia Harvell purchased a used 1978 Ford Mustang from Joe's Used Car Sales for the price of $2,100. The bill of sale contained a statement that the vehicle was purchased "AS IS" and without warranty. She also signed a separate instrument entitled "MOTOR VEHICLE WARRANTY WAIVER." The following day, as Harvell was driving her newly purchased vehicle, the vehicle began vibrating and making loud noises. Harvell immediately parked the car and was unable to restart it. The car was driven a total of approximately thirty miles from the time of purchase. It has been inoperable since that date. On November 23, 1983, Harvell informed the seller that she was experiencing major problems with the car. She subsequently instituted this redhibitory action.
The trial court rendered judgment in favor of Harvell, ordering rescission of the sale. From this judgment defendant appeals alleging that the trial court erred in: 1) failing to give effect to the waivers of warranty executed by Harvell and 2) ordering rescission of the sale when Harvell was unable to return the vehicle in the same condition in which it was at the time of sale.

VALIDITY OF WAIVER OF WARRANTY
In the first assignment of error appellant contends that Harvell waived all warranties as evidenced in the bill of sale and the separate instrument entitled "MOTOR VEHICLE WARRANTY WAIVER."
In all sales, the seller impliedly warrants to the buyer that the object sold is free of redhibitory defects and is reasonably fit for its intended purpose. La.C.C. arts. 2475, 2476, 2520; Hob's Refrigeration and Air Conditioning, Inc. v. Poche, 304 So.2d 326 (La.1974). The buyer may waive the implied warranty against hidden defects and the implied warranty of fitness. La.C.C. art. 2548; Prince v. Paretti Pontiac Co., Inc., 281 So.2d 112 (La.1973). However, waiver of these warranties must be strictly construed. Guillory v. Morein Motor Co., Inc., 322 So.2d 375 (La.App.3d Cir.1975). In order for a waiver of warranty to be effective, the following requirements must be met: "(1) the waiver must be written in clear and unambiguous terms; (2) the waiver must be contained in the sale and chattel mortgage document; and (3) the waiver must either be brought to the attention of the buyer or explained to him." General Motors Acceptance Corp. v. Johnson, 426 So.2d 691, 694, (La.App. 1st Cir.1982), writ denied, 433 So.2d 151 (La. 1983).
The waiver of warranty clause in the "Sales Invoice & Bill of Sale" reads: "This car 78 Mustang sold `AS IS' without warranty. Due to the reduced price of this car, customer understands and agrees to `NO Warranty.'" The clause was signed by Harvell. No waiver language is contained in the separate chattel mortgage and installment note. The waiver of warranty language in the "Sales Invoice and Bill of Sale" is cryptic. It fails to clearly state that the purchaser waives both express and implied warranties, including the warranty of fitness for a particular purpose and the warranty against redhibitory vices. Such language is not sufficient to waive the warranties implied by law. Donachricha v. D'Antoni, 270 So.2d 149 (La.App. 1st Cir. 1972). It thus fails to meet the first requirement for a valid waiver, that the waiver must be written in clear and unambiguous terms.
At the time of sale Harvell also signed a separate waiver instrument to which no reference was made either in the bill of sale or chattel mortgage. The waiver of warranty language contained in the separate instrument entitled "MOTOR VEHICLE WARRANTY WAIVER" was not incorporated into the bill of sale and chattel mortgage documents, and thus does not satisfy the second requirement for a valid waiver of warranty, that the waiver language be contained in the sale and chattel mortgage document. See Prince v. Paretti Pontiac Co., Inc., 281 So.2d at 117; Anderson v. Bohn Ford, Inc., 291 So.2d *873 786 (La.App. 4th Cir.1973), writ refused, 294 So.2d 829 (La.1974).
Michelli testified that he explained the waiver to Harvell. Harvell, on the other hand, testified that she had not read the documents nor were the full implications of the waiver either explained to her or brought to her attention. The trial court considered the waiver issue, including the conflicting testimony in reference to whether the waiver had been explained or brought to Harvell's attention, and obviously resolved the issue in favor of Harvell. The trial court had the opportunity to observe the witnesses and assess their demeanor and credibility. The factual findings of the trial court in reference to whether the waiver was either explained to Harvell or brought to her attention should not be reversed unless clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the record we find no manifest error in this conclusion.
Additionally, it is uncontested that Michelli personally assured Harvell that the vehicle was in good condition at the time of purchase. If the waiver requirements were met, the personal assurance of the seller that the car was in good condition qualified the written waiver, rendering its language ambiguous. See Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258 (La.App. 3d Cir.1982).
After reviewing the record we conclude that the waiver of warranty allegedly executed by Harvell was invalid due to the seller's failure to meet the requirements enumerated in General Motors Acceptance Corp. v. Johnson, 426 So.2d at 694. This assignment of error is without merit.

OPPORTUNITY TO REPAIR AND CONDITION OF VEHICLE
In the second assignment of error it is contended that appellant was never given the opportunity to repair the car. In oral reasons for judgment the trial judge found that Harvell tendered the vehicle for repair on November 23, 1983, however, appellant refused to repair the car because the car had been sold without warranty. The trial court's determination of this issue is adequately supported by the record and is not manifestly erroneous.
Appellant also contends that the engine is partially disassembled with the "`top' part of the motor ... now located in the trunk of the vehicle"; and that plaintiff should not have authorized the disassembly of the engine nor should she have undertaken any repairs of the vehicle. Appellant argues that the car should be returned to the seller in the same condition that it was in at the time of the sale and since the vehicle is now no longer in the same condition, the trial court erred in ordering rescission.
Harvell initially requested that the seller repair the vehicle (on November 23, 1983), which the seller refused to do. Any disassembly of the engine was done after the seller's refusal to repair. This assignment of error is without merit.
Accordingly, the judgment of the district court is affirmed. Costs are assessed against appellant.
AFFIRMED.