JiSAUNDERS, Judge.
This appeal concerns an alleged redhibi-tory defect in a home purchased for $52,-500.00 by plaintiff-appellee from defendant-appellant on December 2,1994.
The transcending issue presented by this appeal is whether the trial court properly concluded that the purchaser did not waive her rights to allege that she was not informed that the house was flood-prone. The *598 trial court sided with the purchaser in concluding that she was entitled to a rescission of the sale, notwithstanding the seller’s claim that her written disavowal of any knowledge-of the premises defect immunized her. We affirm.
|2The facts are largely uncontested. As the trial court wrote in its excellently written reasons for judgment, the property and house in question are situated at the bottom of a hill, with a large ditch running across the back yard. When the purchaser-plaintiff saw the ditch, she asked her realtor to check with the listing realtor to see if there were problems with the drainage or flooding. The listing realtor checked with defendant’s son, who told the listing realtor that he did not know of any problems with the drainage or flooding. Additionally, before purchasing the house, plaintiff went to the residence herself and, seeing defendant’s son, asked him if there were any flooding problems. He assured her that there were none.
Shortly thereafter, plaintiff signed an “Agreement to Purchase or Sell” on October 29, 1994, offering to purchase the house for $52,500.00. Sometime afterwards, the listing agent sent plaintiffs agent a “Property Condition Disclosure Form” which, signed by the purchaser on November 4, 1994, contained a checklist of twenty-three questions to be answered simply “yes” or “no” by the seller to indicate whether in fact the seller admitted to having knowledge of any defects in the premises such as, problems with the roof, foundation, wiring, or plumbing.
Among the twenty-three questions asked of the vendor, number 13 asks “does property have any drainage problems?” In response to this question, the vendor placed a question mark under the “no” column, but referred the reader under the “yes” column (“see below”) to an area at the bottom of the form reserved for explanations. In this explanations section, the vendor-defendant wrote the following language:
Property has a man made ditch across the backyard. Property was purchased from H.U.D. in that condition. Seller does not know or warrant of flood condition. Buyer so acknowledges this drainage ditch.
|3AIso on November 4, 1994, the parties signed off on handwritten language authored by the same hand to the effect that both parties acknowledge that the seller had purchased the home as a “repossessed” from the United States Department of Housing and Urban Development, that the seller did not have knowledge of the history of the property, and that the drainage in the backyard was there when the property had been purchased by Mrs. Clara Walker, who further suggested that she had no knowledge of previous flooding or pre-existing defects.
After considering the evidence, the trial court concluded that the buyer was entitled to a rescission of the sale, but not to exemplary damages.
The threshold question presented by this appeal, therefore, is whether the trial court erroneously concluded that the preceding language did not effectuate a valid waiver under the circumstances presented , by this controversy. We conclude that the trial court did not manifestly err and on that basis, affirm its judgment.
Every sale in this state carries with it the legal warranty that the thing sold is free from hidden defects or redhibitory vices. Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3 Cir. 1975). However, this warranty may be waived by the buyer. Id. In order to be effective, such waiver of warranty must satisfy three requirements: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and (3) either brought to the attention of the buyer or explained to him. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973). The seller has the burden of proving that the applicable warranties were waived. Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3 Cir.1981). Whether there is an effective waiver of warranty is a question of fact that will not be disturbed by an appellate court in the absence of manifest error. Linch International Trucks, Inc. v. Pierre, 434 So.2d 1225 (La. App. 1 Cir.1983).
Chaudoir v. Porsche Cars of North America, 95-729, p. 5 (La.App. 3, Cir. 12/6/95); 667 So.2d 569, 576, writ denied, 96-0800 (La.5/31/96); 673 So.2d 1033; accord, Harvell v. Michelli, 500 So.2d 871 (La.App. 1 Cir. 1986).
*599 In this ease, the trial court concluded that the disclosures set forth above were insufficient to place the purchaser on notice that she was waiving her rights to allege |4that she was not informed that the house was flood-prone, and we affirm its judgment on that basis. We note that defendant’s statement in the “Property Condition Disclosure Form” fails to satisfy the requirements essential to a valid waiver of warranty. First, the clause is unclear and ambiguous. Defendant’s meaning in stating that he “does not know or warrant of flood condition” is both indeterminate and misleading. Further, to say that the buyer acknowledges the existence of a ditch on the property, is not to say that the buyer waives his right to warranty against flooding.
Finally, we note that the buyer was twice assured that there were no flooding or drainage problems on the property. These verbal assurances of the vendor and those acting on her behalf to the effect that there was no flooding problem, qualified the writing and reasonably permitted the purchaser to believe that the property was free of unusual vices or, at a minimum, that she was not waiving her right to claim redhibition. See Harvell, 500 So.2d 871, citing Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258 (La.App. 3 Cir.1982).
Having decided that there was no waiver, we next look to the issue of the existence of a redhibitory defect. The record contains abundant evidence that the property in. question was prone to frequent flooding. Testimony to this effect was elicited from former owners Timothy Floyd and Pat Smith, as well as by neighbor Mrs. B.J. Erwin, and from Civil Engineer Tom David, Jr., which the trial court explicitly found impressive. Mr. Floyd indicated that the house flooded— in fact he had been sued for this reason by an intervening owner — as had Mrs. Erwin, who testified that she had actually assisted in removing water from the premises. Finally, Engineer David testified that the house would have to be two feet higher in order for it not to flood.
|5In view of this testimony, we cannot say that the trial court erred in rescinding the sale. While a house’s susceptibility to flooding under extraordinary rainfall is not a redhibitory defect, the facts produced at trial in this case suggests that the property in question flooded under less than extraordinary circumstances. See Brannon v. Boe, 569 So.2d 1086 (La.App. 3 Cir.1990); Fogal v. Boudreaux, 497 So.2d 366 (La.App. 3 Cir.1986). Cf., Braydon v. Melancon, 462 So.2d 262 (La.App. 1 Cir.1984) and Smith v. Kennedy, 392 So.2d 177 (La.App. 2 Cir.1980).

DECREE

In light of the foregoing, the judgment of the trial court is affirmed, at the costs of defendant-appellant.
AFFIRMED.
THÍBODEAUX, J., dissents and assigns written reasons.