NORRIS, Chief Judge.
The underlying facts salient to this appeal are recounted in Morris v. United Services Automobile Ass’n, 32,528-CA 756 So.2d 549 (La.App. 2d Cir. 2000) also rendered this day. Appellant, John Rivoire, appeals the district court’s judgment against him on the vehicle financing agreement. For the reasons expressed below, as well as in No. 32,529-CA, we affirm.

GMAC’s Claim

Rivoire contests the judgment in favor of GMAC for the balance due on his vehicle financing contract. In light of our conclusions regarding Rivoire’s redhibition claim in No. 32, 529-CA, this assignment lacks merit.
The note sued upon contained the following notice, which is mandated by federal law, 16 C.F.R. § 433.2:
NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
*565 Because of this language in the note, Rivoire is entitled to raise against the holder of the note whatever defenses could have been raised against the seller, including a claim of redhibitory defects. GMAC v. Daniels, 377 So.2d 346 (La.1979); GMAC v. Johnson, 426 So.2d 691 (La.App. 1st Cir.1982), writ denied 433 So.2d 151 (1983). Nevertheless, since Rivoire’s red-hibition claim has failed, GMAC’s financing contract remains valid. The district court was not in error.

Conclusion

For the reasons expressed herein, the judgment appealed is AFFIRMED. The costs of this appeal are assessed to John Rivoire.
AFFIRMED.