888 So.2d 950 (2004)
Robert WILLISTON and Kathy Williston
v.
Elton R. NOLAND and Clare Johnson Noland.
No. 2003 CA 2590.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Rehearing Denied December 10, 2004.
*951 Sharon B. Kyle, James L. Hilburn, Baton Rouge, Counsel for Plaintiffs/Appellants Robert Williston and Kathy Williston.
Michael E. Parker, Lafayette, Counsel for Defendants/Appellees Elton R. Noland, Clare Johnson Noland, and Elton R. Noland & Associates.
Glen E. Mercer, New Orleans, Counsel for Defendant Zurich Insurance Company.
Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
Plaintiffs/appellants, Robert Williston and Kathy Williston, appeal the trial court's grant of summary judgment in favor of Elton R. Noland, Clare J. Noland, and Elton R. Noland & Associates, L.L.C. Following our review of the record and applicable law, this court affirms in part and reverses in part.
*952 The Willistons purchased improved property, known as Avondale Plantation, from the Nolands on February 2, 2001. Thereafter, the Willistons filed a claim against the Nolands for a reduction in the sales price based on the existence of undisclosed redhibitory defects. The purported defects consisted of hidden structural problems and termite infestation. The Nolands filed a motion for summary judgment, asserting that a handwritten condition of the agreement to purchase stated that the "[b]uyer accepts house in present condition subject to lines 31-48". Following oral argument, the court found that the buyers had been placed on notice of the existence of active termites; therefore, summary judgment dismissing the case was granted in favor of the sellers.
This appeal is aimed at the buyers' claim of redhibitory defects, the impact of the clause in the agreement to purchase that the negotiations were based on the property's "present condition," and the effect of the termite inspection report. The warranty against redhibitory defects is premised on La. C.C. 2520, et sequitur. Article 2520 enunciates the following:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
Generally, the seller impliedly warrants to the buyer that the object is free of redhibitory defects and is reasonably fit for its intended purpose. La. C.C. arts. 2475, 2476, 2520; Bo-Pic Foods, Inc. v. Polyflex Film and Converting, Inc., 95-0889, pp. 7-8 (La.App. 1 Cir. 12/15/95), 665 So.2d 787, 791. Waiver of the warranties against hidden defects must be strictly construed. Harvell v. Michelli, 500 So.2d 871, 872 (La.App. 1st Cir.1986) (citing Guillory v. Morein Motor Company, 322 So.2d 375 (La.App. 3rd Cir.1975)). In order for a waiver of warranty to be effective, the following requirements are necessary: (1) the waiver must be written in clear and unambiguous terms; (2) the waiver must be contained in the sale or mortgage document; and (3) the waiver must also be brought to the attention of the buyer or explained to him. Ross v. Premier Imports, 96-2577, pp. 6-7 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 21, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750.
The mere fact that a sale is confected "as is" does not create a waiver of all warranties. A waiver of the warranty against redhibitory defects implied in law must be specific and unequivocal, and any waiver is strictly construed. If the act of sale fails to state that the purchaser waives express and implied warranties, including the warranty of fitness for a particular purpose and the warranty against redhibitory vices, it is not sufficiently clear and the vendor remains responsible for implied warranties associated with the concept that the thing be fit for the use for which it is intended. La. C.C. art. 2520; See Harvell v. Michelli, 500 So.2d at 872.
Our review of the documents submitted in conjunction with the motion for summary judgment discloses that the act of sale of Avondale Plantation did not contain language that the sale was either "as is" or that the property was accepted in "present *953 condition." Although the "agreement to purchase and sell" contained language that negotiations were premised on the property's "present condition," the civil code articles dealing with redhibition do not apply to contracts to sell. Amend v. McCabe, 95-0316, p. 9 (La.12/1/95), 664 So.2d 1183, 1188 n. 6 (on rehearing). Moreover, there was no express waiver of redhibitory defects in any written agreement between the parties.
A termite inspection report, dated January 19, 2000 and billed to an unidentified person named John Willis, indicated that there had been termite damage on the front porch area and that the home showed signs of having been treated for termites prior to the sale at issue. Additionally, pursuant to a contract with Hardwick Pest Control, L.L.C. that was signed by both Mr. Noland and Mr. and Mrs. Williston, the house at issue was treated for termites beginning on February 2, 2001. Although the earlier January 19, 2000 termite report is confusing, the contract with Hardwick Pest Control, L.L.C. evidences the Willistons' awareness of the existence of a termite problem in the house. In Amend v. McCabe, 95-0316, at p. 10, 664 So.2d at 1188, the Louisiana Supreme Court pronounced that if a routine termite inspection revealed active infestation of termites or evidence of termite damage in a readily accessible area, the buyer assumes a duty to investigate further. If the buyer chooses to purchase the home without undertaking further investigation, the right to redhibition or reduction premised on termite damage is waived. Accordingly, this court does not find that the trial court manifestly erred in its grant of summary judgment in favor of the sellers dismissing the buyers' claim for redhibitory defects precipitated by termites.
The summary judgment of the court, however, additionally encompasses the separate claims of damage caused by redhibitory improper balancing and structural support. The oral reasons stated by the trial court in support of its decision to grant summary judgment in favor of the sellers focused exclusively on the communication to the buyers that there were termites in the house prior to the sale. Thus, the court erred in its apparent oversight of the independent issue of alleged damage to the structural integrity of the home that might have resulted from other causes. There was no evidence presented in support of the motion for summary judgment to indicate that the buyers concomitantly waived their rights to an action based on the existence of redhibitory defects associated with improper balancing and structural support. Finding an issue as to material fact, that portion of the summary judgment is reversed. La. C.C.P. art. 966. Costs associated with this appeal are assessed such that appellants, Robert Williston and Kathy Williston, will bear one-half of the costs and appellees, Elton R. Noland and Clare Johnson Noland, will bear one-half of the costs.
AFFIRMED IN PART; REVERSED IN PART.