121 So.2d 757 (1960)
Russell E. RUEHMKORF, Plaintiff-Appellant,
v.
J. R. McCARTNEY and Helen K. McCartney, Defendants-Appellants,
M. J. Henley and Continental Casualty Company, Defendants-Appellees.
No. 9230.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
Rehearing Denied July 18, 1960.
*758 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendants-appellants.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for defendants-appellees.
HARDY, Judge.
This is an action in quanti minoris by plaintiff-vendee, against his vendors as the result of alleged redhibitory defects caused by termite damage to the residence property involved. Joined as defendants are M. J. Henley, a termite eradicator, and Continental Casualty Company, surety on his bond. From judgment in favor of plaintiff and against his vendors, but rejecting his demands against Henley and his surety, the McCartney defendants have appealed. Plaintiff answered this appeal, praying for an increase in the amount of the judgment, and plaintiff further appeals from that portion of the judgment rejecting his demands against Henley and his surety.
There is no ground for serious dispute as to the material facts involved. In April, 1958, Dr. J. R. McCartney vacated his residence located at Municipal No. 409 Monrovia Street in the City of Shreveport, and listed the said property for sale with a firm of real estate brokers, upon whose advice he obtained a termite inspection by M. J. Henley, a properly licensed and bonded termite inspector-eradicator; on April 8th Henley furnished Dr. McCartney a certificate to the effect that the property in question was free of termites, and that no condition existed which in the opinion of the said inspector might result in future infestation. The only reservation appearing upon the said certificate noted that inspection under the bathtubs in the residence could not be made because of plumbing arrangements. On September 15, 1958, a contract of sale and purchase of the property *759 was executed by Dr. McCartney to R. E. Ruehmkorf, which agreement, inter alia, provided that the owner (McCartney) should furnish an up-to-date termite certificate. Pursuant to this provision Dr. McCartney engaged the services of Mr. Henley, who again inspected the property and found termite infestation in the garage, which he engaged to eradicate. A contract was entered into between Henley and McCartney under which the former treated not only the infected area but the areas under the bathtubs, which he had not previously inspected, although no infestation was noted in these locations. Under date of September 29, 1958, Henley issued a certificate that the premises were free of termites and that no condition existed which in his opinion might result in future infestation.
Deed of conveyance from the McCartneys to Ruehmkorf was executed on September 29, 1958, and the purchasers occupied the premises. A few days after occupancy a serious infestation of termites was discovered in the wall and flooring of the kitchen, and an additional infestation was found in the garage. Upon failure to reach a satisfactory agreement with McCartney and Henley for the eradication of the termites and repair of the damage to the residence, plaintiff entered into a contract with another party for the necessary work on an estimated cost basis of $398.53, which is the amount for which he seeks recovery in this action.
On behalf of the McCartney defendants it is urged that there is no liability to plaintiff because the defect was apparent and, alternatively, that if the defect was latent, its possible existence was recognized and assumed by plaintiff-vendee. Under the facts of the instant case we cannot accept the validity of these contentions. While the presence of the most serious termite infestation in the kitchen was observed by the plaintiff's wife subsequent to occupancy, it is clear that such defect was not necessarily apparent. There is no evidence which indicates that it could and should have been observed and, to the contrary, it escaped the attention of the expert who not only made two examinations of the premises but actually performed work thereon in the course of termite eradication. We do not think the evidence justifies a finding that, in the words of LSA-C.C. Article 2521,
"* * * the buyer might have discovered by simple inspection * * *",
the defects which were caused by termite infestation in the kitchen.
Similarly, with reference to the alternative defense that there was no implied warranty against termite damage, and, as a result, the buyer was prohibited, under the provisions of Article 2522, from instituting a redhibitory action, we do not find that there was any "declaration" of the defect, express or implied, which would substantiate a conclusion that the plaintiffvendee knowingly assumed the risk of the existence of such a defect.
It follows that the judgment fixing liability of plaintiff's vendors is correct.
On behalf of defendants, Henley and Continental Casualty Company, it is urged that there was no privity of contract between plaintiff and Henley. We pretermit discussion of this issue, inasmuch as we do not think it decisive. The record overwhelmingly establishes the negligence of the defendant, Henley, both with reference to his inspections and his actual work of eradication. We find no possible reason which would exonerate Henley from the proximate results of his negligence. The opinion of Mr. Justice Hamiter in Melancon v. Mizell et al., 216 La. 711, 44 So.2d 826, is so appropriate to the facts of the instant case and the enunciation of legal principles so conclusive that we find it unnecessary to attempt any elaboration. The holding in the cited case clearly requires a finding of liability against both Henley *760 and his surety, in favor of all parties who were injured by his negligence. Both plaintiff and the McCartney defendants relied and acted upon the recitals of Henley's certificate and the damages which they sustained were directly, proximately and exclusively caused by Henley's lack of careful inspection and treatment.
The judgment of the trial court awarded plaintiff the sum of $240 and it is urged that this amount is substantially inadequate. We find nothing unreasonable either in the actual expenses of plaintiff in connection with the contract for the repair of the damage or in the contention that he is entitled to an additional allowance caused by the inferior type of tile which was used, since it was established that it was impossible to obtain the same grade and quality necessary to match the existing materials.
For the reasons assigned the judgment appealed from is amended and recast to read as follows:
It is hereby ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Russell E. Ruehmkorf, and against the defendants, J. R. McCartney, Helen K. McCartney, M. J. Henley and Continental Casualty Company, in solido, in the full sum of $398.53, together with legal interest from date of judicial demand until paid, and for all costs of this suit.
It is further ordered, adjudged and decreed that there be judgment in favor of the defendants, J. R. McCartney and Helen K. McCartney, and against M. J. Henley and Continental Casualty Company in the amount above set forth, together with all costs.
As above amended, the judgment appealed from is affirmed at the cost of defendantsappellees, M. J. Henley and Continental Casualty Company.