SAMUEL, Judge.
This is a suit in quanti minoris. It was brought by the purchasers of a dwelling house against their vendor and is based on alleged latent defects caused by termite damage. Defendant has appealed from a judgment in favor of plaintiffs in the sum .of $1,000.
The house involved was constructed on a •slab with a frame and weatherboard exterior and bricked at a later date. It was built by the defendant for his family residence and he lived there for approximately eleven years. Plaintiffs visited the property on several occasions prior to the sale. Their offer to the real estate firm with which the defendant had listed the property was contingent upon obtaining Federal Housing Administration financing. In order to meet one of the FHA requirements, that no loan would be approved in the absence of a termite inspection and favorable ■ certificate, defendant’s real estate agent arranged for such an inspection to be made by Safeway Exterminating Corporation at defendant’s expense.
A visual inspection was made by Mr. Virgil Bayles, an entomologist and vice-president of Safeway. He did not see live ■ termites but found some pinpoint holes filled with mud in the sheetrock which indicated to him some past termite activity. He recommended treatment, which was per:formed by Safeway under a two year guarantee, but did not recommend any repair or replacement. Over his signature Safeway gave the FHA its certificate dated December 3, 1962 reading, in pertinent part, as follows:
“(1) Is there evidence of past termite infestation? (V)Yes ( )No
(2) In your opinion is treatment necessary? (/)Yes ( )No
(3) In your opinion is repair or replacement of any portion of the main or auxiliary structures recommended? ( )Yes (/)No”
Following the inspection, treatment and the furnishing of the certificate to the FHA, the loan to plaintiffs was approved by that Administration and the act of sale transferring the property from defendant to the plaintiffs was passed on December 19, 1962.
During the latter part of the month of February, 1963, after plaintiffs had moved into the premises and had lived there for a little less than two months, they saw live termites in the front bedroom. It was the first occasion they had seen termites in the premises. They called Safeway which sent an employee to treat that room. The following month plaintiffs removed the baseboards in various other rooms of the house and found termite damage in the kitchen and the bathroom. They requested an inspection from the State of Louisiana Pest Control Commission and an examiner for that department inspected the property on April 5, 1963. He found live infestation in the back wall of the kitchen and required Safeway to retreat the house. He returned the following month at which time he found some termite damage in the attic. Three or four subsequent inspections by this examiner revealed no other live infestation.
*182 The record contains the testimony of several contractors relative to the damage found by them and their estimates of the cost of repair. The estimates vary but the conclusion reached by the trial judge, that the cost of repair would be $1,000, is not now disputed and therefore need not be discussed by us. However, the record is quite clear from the testimony of these contractors, the examiner for the State of Louisiana Pest Control Commission, and a neighbor who was present when the baseboards were removed, that the damage existed prior to the date of sale. Neither the defendant nor his wife had been aware of termite infestation of the property or termite damage thereto.
Plaintiffs in this suit are husband and wife. The husband also filed a suit against Safeway on the bond furnished by that corporation and transferred to him. The suits were consolidated for trial in the district court where the one against Safeway was dismissed after trial. No appeal was taken therefrom; the judgment of dismissal is final and is not before us. We mention that suit only because appellant’s contention before us is based in part on some allegations contained in the petition against Safeway.
In this court appellant contends: As shown by some of the allegations in the petition of the plaintiff husband against Safeway and, in any event, because of the certificate issued by Safeway and the facts here involved, some termite damage was or should have been apparent to the plaintiffs so that under the rule set forth in Pursell v. Kelly, 244 La. 323, 152 So.2d 36, it became plaintiffs’ duty to make further investigation and in the absence thereof there can be no recovery.
Under LSA-C.C. Art. 2544 the action for a reduction of price is subject to the same rules and limitations as the redhibitory action. And LSA-C.C. Art. 2521 provides: “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.” The case relied on by appellant, Pursell v. Kelly, supra, which was also concerned with damage resulting from termite infestation, holds that where some of the termite damage is unquestionably apparent, it becomes the purchaser’s duty to make further investigation and “ * * * when the defect complained of is partially apparent, the buyer who, nevertheless, purchases the thing without further investigation must be held to have waived his right to sue in quanti minoris.”
In his suit against Safeway the plaintiff husband did allege he relied upon the termite inspection of Safeway. But this allegation is consistent with the fact that plaintiffs knew an inspection and certificate were necessary in order to obtain a loan from the FHA. Understandably, they would and did assume that requirement had been met satisfactorily when the FHA approved the loan. The record is quite clear, without contradiction, that neither plaintiff saw Safeway’s bond or certificate prior to the passage of the act of sale. The first time they saw Safeway’s bond was immediately after the passage of the act of sale when the bond was handed to them. They received Safeway’s certificate through the mails, and saw it for the first time, after the sale had been passed. Nor does the record contain any evidence that plaintiffs knew the house had been treated for termites. It is therefore unnecessary for us to decide whether or not the certificate, by itself, would have placed' plaintiffs under the duty of making further investigation. They could not have been placed under such a duty by documents, concerning which they had no knowledge until after acquisition of title.
We are also of the opinion that neither the termite damage nor the fact of' termite infestation could have been discovered by simple inspection. It was necessary to remove baseboards in order to see the damage. And while some termite infestation was ascertainable by an expert, as-the entomologist Bayles, because of his. *183 knowledge in that field, such knowledge was obtained from his specialized training and experience and cannot be attributed to the plaintiffs. The fact that the appellant and his wife were not aware of any termite infestation even though they lived in the house for eleven years, during which time the termite damage occurred, is indicative <of the fact that the infestation was not dis-■cernable by simple inspection. The judgment is correct. Foreman v. Jordan, La.App., 131 So.2d 796; Ruehmkorf v. McCartney, La.App., 121 So.2d 757.
The judgment appealed from is affirmed.
Affirmed.