195 So.2d 447 (1967)
Jerry C. BONHAGEN
v.
Lewis E. HOOPER, Jr., et al.
No. 2423.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
Writ Refused May 1, 1967.
Hartman & LoCoco, Vincent T. LoCoco, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Daniel Lund, New Orleans, for defendants-appellees.
Guste, Barnett & Little, Roy F. Guste, Robert A. Keily, William J. Guste, Jr., James M. Colomb, Jr., New Orleans, for third-parties defendants-appellees.
Before REGAN, HALL and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff filed this action in quanti minoris alleging redhibitory defects in the form of termite damage in a home he *448 purchased from the defendants[1] by an act of sale passed on April 17, 1964. The defendants, the Hoopers, answered denying the existence of any defect and, in the alternative, filed a third party demand against Southern Exterminating Company, Inc., and its surety, The Travelers Indemnity Company, alleging a negligent breach of a contract to inspect the house and praying for indemnification from the third party defendants for any liability they incurred on the principal demand. Plaintiff Bonhagen then supplemented his petition to add Southern Exterminating Company as an alternative defendant on the same basis that it had been made defendant on the third party demand. After trial on the merits, judgment was rendered in favor of the defendants, the Hoopers, on the principal demand and in favor of Southern Exterminating Company on the demands against it. Plaintiff has appealed from the judgment, and the Hoopers have appealed insofar as their third party demand against Southern was rejected.
Plaintiff Bonhagen's offer to purchase the house was accepted by the Hoopers on December 23, 1963. The following stipulation was included in the purchase agreement:
"The offer on the reverse hereof is subject to the purchaser being able to termite proof and make essential structural repairs due to said termite damage to the property at a cost not in excess of $300.00: bid to be obtained by purchaser within 5 working days from date of acceptance. If bid exceeds $300, this agreement shall become null and void and agent is authorized to return purchaser's deposit provided agent and/or vendor shall have been notified of same within eight days from date of acceptance."
In accordance with the stipulation, plaintiff invited inspections and bids on termite treatment from four pest control organizations, one of which was the defendant Southern Exterminating Company. Mr. John McPherson inspected the premises on behalf of Southern and made a report to plaintiff. At the same time he submitted a bid of $165 to treat the house for termites. This bid was accepted by plaintiff. The substance of McPherson's report to plaintiff and his findings on his inspection of the house will be discussed more fully by us in connection with our consideration of their legal effect on the parties. At this time it is sufficient to say that Mc-Pherson told plaintiff that there was no structural damage warranting repair, but that there was active subterranean termite infestation which should be treated.
Plaintiff notified the real estate agent who was handling the sale for the Hoopers of the results of the inspection, Southern fulfilled its treatment contract, and the sale was completed in April 1964.
In November 1964, while painting the exterior of his home, plaintiff removed two cracked weatherboards and discovered extensive termite damage behind them. The damage involved the sills, subsills, ribbon plates or band joists, plates, and studs. The repair of this hidden damage was accomplished by a remodeling contractor, Mr. Nathan Piliawsky, whose bill for the work amounted to $1,075. Mr. Piliawsky also submitted a bid of $550 for repairs to some termite-damaged subflooring, but this work was not done.
Plaintiff's suit against the Hoopers is based on the theory that the damage constituted a redhibitory vice or defect which entitles him to a diminution of the purchase price under LSA-C.C. arts. 2520, 2541, and 2542. The primary defense to this, the principal action, urged by the defendants, the Hoopers, is that the defects were discoverable by simple inspection; and hence, *449 under LSA-C.C. art. 2521, they cannot be a basis for recovery against the vendors. In resolving this issue it is necessary to consider carefully the testimony and other evidence to determine what the actual condition of the house was at the time of the sale and what action would have been necessary to discover the damage which existed.
At the outset we note that there is no serious dispute as to the existence of any of the material facts. The disagreements among the parties arise only as to the conclusions to be drawn from, and the legal effect of, the facts.
Plaintiff had the house inspected by four termite experts. Two of these testified as to their findings. The other two could not be located; and their employers had not kept their reports on record, because they had not been awarded the treatment contract. The two who did appear were in substantial agreement on what they found.
Mr. John McPherson, the inspector for defendant Southern Exterminating Company, is a master entomologist who had been in the exterminating business for 10 years when he inspected the house. His inspection consisted of crawling under the house, viewing the various structural members with the aid of a flashlight, and testing them for soundness with a screwdriver. He found channels or tunnels indicating activity of subterranean termites, but determined that they were quite old and were no longer in use. He also noticed some damage to subflooring and to one joist in an area near the right front corner of the house which appeared to him to be the result of a prior infestation. On the day following his investigations under the house, McPherson went inside, principally to spray for moths. While he was there, he checked the floor in the living and dining rooms above the damaged subflooring by tapping it to see if it was sound. He also noticed slight damage to an interior doorsill between the den and one of the bedrooms. That damage was also old and had been filled and sanded over.
All of the damage which McPherson found was old, the result of prior termite infestations. He also found active, live termites in certain areas, but he did not discover any structural damage which could be associated with the current infestation. Based on these findings, McPherson advised plaintiff that treatment was necessary to eliminate the active termites. He further advised him of the slight damage to the subflooring, but expressed an opinion that the damage was not serious enough to warrant repair.
The testimony of Mr. Ramon Sperandeo of B & B Exterminating Company, who also inspected the house at plaintiff's request in December 1963, was to the same effect as that of McPherson. He reported to plaintiff that termite treatment was necessary, but that the house was structurally sound. He did not notice the damaged subflooring, but he explained that he was interested primarily in damage to structural members and did not consider subflooring to be structural.
It is well established in our jurisprudence that latent defects in the form of hidden termite damage can be the basis of an action in quanti minoris under LSA-C.C. arts. 2520 and 2541. Thompson v. Klein, 188 So.2d 180 (La.App. 4th Cir. 1966); Foreman v. Jordan, 131 So.2d 796 (La.App. 3d Cir. 1961); Ruehmkorf v. McCartney, 121 So.2d 757 (La.App. 2d Cir. 1960). Appellees contend that under LSA-C.C. art. 2521 and Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), the the damage was discoverable, and hence the defect cannot be the basis for an action in quanti minoris.
In Pursell the purchaser made only a cursory inspection of the house he was buying. The defects of which he was complaining were obvious, even to the extent that the walls were bowed and leaning as a result of termite damage. *450 Plaintiff Bonhagen, on the other hand, sought the advice of experts and employed the services of one of them to remedy the problem they found. The damage to the structural members of the house (that which the contractor Piliawsky repaired) was not obvious and could be discovered only by removing the weatherboards. However, plaintiff did have knowledge of old damage to the subfloor and a current infestation of subterranean termites. This was reported to him after McPherson's inspection.
In Pursell v. Kelly the Supreme Court said:
"The proper test to be applied to this case, we think, as in all other cases of this kind, is whether a reasonably prudent buyer acting under similar circumstances, would have discovered the presence of termite damage in the premises. * * *
"Counsel for plaintiffs argue that extensive termite damage concealed in structural walls is not an apparent defect, discoverable by simple inspection within the meaning of Article 2521 of the Civil Code and they cite in support of their position the cases of Reuhmkorf v. McCartney (La.App., 2nd Cir.), 121 So.2d 757 and Foreman v. Jordan (La.App., 3rd Cir.), 131 So.2d 796. This would be a correct statement of the law if the facts of this case showed that all termite damage had been concealed in the structual [sic] walls, for then it could not have been discovered by simple inspection. But, in this case, some of the termite damage was unquestionably apparent and, this being so, it became plaintiff's duty to make further investigation. Obviously, when the defect complained of is partially apparent, the buyer who, nevertheless, purchases the thing without further investigation must be held to have waived his right to sue in quanti minoris." (Emphasis in the original.) 244 La. at 335-337, 152 So.2d at 41.
In applying the foregoing to this case, we must conclude that plaintiff did not act with reasonable prudence under the circumstances. Having notice of some old damage and current infestation, he was under duty to make further inspection. Having failed to do so, he assumed the risk of more extensive damage which a prudent buyer might have anticipated. Both termite experts testified that the incidence of termite activity in this area in houses which are approximately 35 years of age, as was this one, is quite high. Indeed, the same statement can be made about the substance of their testimony as was made by the Supreme Court in the Pursell case:
"* * * The evidence shows that termite damage in old buildings situated in the city of New Orleans is prevalent and, indeed, we think this to be a fact within the common knowledge of most persons living in this vicinity. * * *" 244 La. at 336, 152 So.2d at 41.
The Court in Pursell reasoned from this finding that the purchasers could properly be charged with knowledge that the building they were buying might have been damaged. They concluded with the following statement:
"* * * Under these circumstances, they should have attempted to ascertain, by simple inspection of the premises, the presence of termite damage. Had they done so, we think they would have been bound to have discovered some of the wood damage without defacing any portion of the structure." 244 La. at 336, 152 So.2d at 41.
In this case the simple inspection did reveal some old damage and active infestation, which would seem to impose an even greater duty of further inspection on the plaintiff Bonhagen. We think that plaintiff did not do what the language of Pursell would require. The point in Pursell was that the plaintiff did not make even a simple inspection, which, in the opinion of the Court, would have revealed the defect *451 "without defacing any portion of the structure." In the instant case plaintiff obtained inspections by four experts who conducted their normal inspection, including testing the sills for damage. True, the extent of damage was not discovered, and it could not have been found by any inspection short of defacing the house, but our appreciation of Pursell is that this became necessary once the simple inspection revealed the possibility of more extensive damage.
Plaintiff's demand against Southern Exterminating Company and its fidelity insurer, The Travelers Indemnity Company, cannot be maintained. There was no breach of contract. Southern made an inspection, which, according to the testimony of Mr. McPherson and Mr. Sperandeo, was in accordance with the accepted methods employed by exterminators in this area. It reported to Mr. Bonhagen the existence of subterranean termites and an old damage to the subfloor, which apparently had been arrested by an earlier treatment. Facts brought out on trial substantiated the accuracy of this report as far as it went. It recommended treatment for the current infestation for an agreed price. The treatment was done with apparent success.
We do not think the failure of Southern to remove weatherboarding to make a more extensive inspection constituted a breach of its contract. It gave Mr. Bonhagen information from which he was under duty to make such further inspection or have it made by persons qualified in building construction and repair. He cannot be relieved of this duty merely because the exterminator, who is not a builder or repairman, thought there was no damage beyond that which his inspection had revealed.
For the foregoing reasons, the judgment in favor of defendants rejecting plaintiff's demands and dismissing his suit and rejecting the third party demands is affirmed at appellant's cost.
Affirmed.
REGAN, Judge (concurring).
I respectfully concur.
In my opinion, the facts hereof and the law applicable thereto is fully encompassed by the guide lines and the rationale which was laid down by the Supreme Court in the case of Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), authored by Justice McCaleb as organ for the Court.
NOTES
[1] The defendants are all members of the Hooper family and are joined in various capacities as administrator, tutors, and individuals. The particular capacity of each is immaterial insofar as this suit is concerned, and we shall refer to them in this opinion simply as the Hoopers.