434 So.2d 1225 (1983)
LINCH INTERNATIONAL TRUCKS, INC.
v.
Albert PIERRE d/b/a Albert's Trucking.
No. 82-CA-0985.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1226 E. Wade Shows, Adcock, Dupree & Shows, Baton Rouge, for plaintiff-appellant.
Kenneth E. Barnette, Seale, Smith & Phelps, Baton Rouge, for third party defendant-appellee.
Thomas B. Waterman, Ponchatoula, for defendant-appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Linch International Trucks, Inc. ("Linch"), appeals a district court judgment denying its claim for the cost of repairs which it furnished to defendant, Albert Pierre.
The facts which gave rise to this action are as follows. In May of 1979, Pierre purchased a new 24-foot dump trailer from Linch for the sum of $16,300.00, for use in his sand and gravel hauling business. At the time of sale, Pierre executed an agreement entitled "Disclaimer of Warranties," which purported to waive all of the seller's warranties, express or implied, but to retain those of the manufacturer. In February of 1980, the trailer's hydraulic cylinder, the device which raises and lowers the trailer bed, malfunctioned. After phoning Linch to ascertain that the trailer's warranty had not expired, Pierre brought the trailer in to be repaired. After the trailer was repaired, Pierre was informed that he would have to pay for the repairs pending the manufacturer's decision as to whether the breakdown was covered by its warranty. Pierre tendered a check to Linch for the cost of repairs, $1,914.02, but stopped payment on the check the next day. Approximately two months later, the manufacturer, Dorsey Trailers, Inc. ("Dorsey") denied the warranty claim for the reason that examination of the cylinder revealed that it had been subjected to abnormal use.
On April 28, 1980, Linch filed suit against Pierre, seeking to recover the sum of $1,914.02 and to enforce a repairman's privilege on the trailer.[1] Pierre answered Linch's petition, denying any liability, and filed a reconventional demand for damages due to loss of use of equipment and anguish and for attorney fees. Linch answered the reconventional demand, denying any liability thereunder. Additionally, Linch filed a third-party demand against Dorsey, seeking indemnity for any sum which it might be called upon to pay Pierre as well as attorney fees incurred in defense of that action.
The trial court rendered judgment in favor of Pierre on the original demand, in favor of Linch on the reconventional demand, in favor of Dorsey on the third-party demand, and dismissed all claims. The trial *1227 court assigned the following written reasons for judgment:
"The Court is of the opinion that Mr. Pierre was led to believe, both at purchase and when the trailer failed, that there was a warranty. Mr. Pierre was certainly justified in believing that the hydraulic cylinder was covered by a warranty. If the hydraulic cylinder on a dumping type trailer is not covered, any warranty is almost totally useless.
"The fact that Mr. Pierre may have signed a so-called `waiver of warranty', along with a mass of other documents at the time of the sale, would not, in the opinion of this Court, relieve the vendor of responsibility.
"The Court does not believe that any damages were proven which would justify any award on the reconventional demand."
Linch has taken this devolutive appeal.
There is no manifest error in the trial court's factual finding that the "Disclaimer of Warranties" signed by defendant was not effective as a waiver of warranty by the seller, Linch. In Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112, 117 (La.1973), the Louisiana Supreme Court stated that "[a]lthough the buyer may waive the implied warranty against hidden defects (C.C. 1764(2) and 2548), the waiver must be clear and unambiguous." Prince and the cases which have followed it have established that such a waiver "must be clear and unambiguous; must be contained in the sale document; and must be either brought to the attention of the buyer or explained to him." Webb v. Polk Chevrolet, Inc., 387 SO.2d 1240, 1242 (La.App. 1st Cir.), cert. denied, 390 So.2d 1344 (La.1980).
In the instant case, the evidence establishes that Pierre signed the waiver document at the time of sale without reading it. No showing was made that the importance of the document was called to his attention or that its contents were explained to him. The record reveals that plaintiff failed to establish that the requirements of Prince v. Paretti Pontiac Company, Inc., supra, were met.
Once it concluded that the waiver of warranty was ineffective, the trial court rendered judgment for defendant. The trial court's opinion makes no mention of any warranty which was allegedly breached by Linch. The mere fact that the waiver of warranty was ineffective does not establish grounds for denying recovery by plaintiff. In order to reach that result, it is necessary that a breach of some warranty by Linch be proven.
The testimony at trial reveals that there was an express warranty given by Dorsey, the trailer manufacturer.[2] It would be improper to extend that express warranty to Linch, the seller, because there is no proof in the record that Linch ever joined in any express warranty.[3] Additionally, no proof was adduced with respect to the terms and conditions of Dorsey's express warranty, so even if Linch were to be held liable thereunder, it was not established that the malfunction in question was covered by that warranty. Thus, any judgment based upon a theory of breach of an express warranty by Linch would constitute manifest error because it would not be supported by the evidence.
Nor is judgment for defendant justified under a theory of breach of an implied warranty. In Louisiana sales, the seller is bound by an implied warranty that the thing sold is free from hidden defects and is reasonably fit for the product's intended use. LSA-C.C. arts. 2475, 2476 and 2520. Hob's Refrigeration & Air Conditioning, Inc. v. Poche, 304 So.2d 326 (La.1974); Rey v. Cuccia, 298 So.2d 840 (La.1974).
Under LSA-C.C. art. 2476, a seller warrants against "the hidden defects of the *1228 thing sold or its redhibitory vices." LSA-C.C. art. 2520 defines redhibition as follows:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The proof required to maintain a claim under LSA-C.C. art. 2520 is set forth in LSA-C.C. art. 2530:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
To establish a claim under these articles it is necessary to show that the defect existed at the time of sale. If the vice is discovered within three days of the sale, its existence at the time of sale is presumed. Otherwise, the buyer must make such proof. Such proof may consist of circumstantial evidence that the defect existed at the time of sale. Rey v. Cuccia, supra.
The record in the instant case does not support a conclusion that there was a defect in the trailer at the time of sale. Defendant had used the trailer for nine months prior to the date of the malfunction. It was used regularly in defendant's business for hauling sand and gravel. There is no indication that the trailer ever gave any problems prior to the malfunction in question. The only evidence with regard to the cause of the breakdown suggested improper use by defendant, although he denied any such use. This is not a situation where the item purchased manifested any defects shortly after the sale. See, e.g. Rey v. Cuccia, supra; Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3rd Cir. 1975). The proof in the record simply does not support a conclusion that there was any defect in the trailer at the time of sale. Any judgment for defendant based upon breach of an implied warranty against redhibitory defects would be manifestly erroneous.
We therefore conclude that the trial court committed manifest error in rendering judgment for defendant. While there is no error in its conclusion that defendant did not waive any warranties by the seller, there is absolutely no proof of a breach of any warranty, express or implied, by Linch. Since the hydraulic lifter malfunction was not covered by any warranty given by Linch, it was error to deny recovery for plaintiff.
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded with instructions to enter judgment in favor of plaintiff in the amount of $1,914.02,[4] plus legal interest from the date of judicial demand, and to recognize and enforce plaintiff's repairman's privilege under LSA-R.S. 9:4501. All costs of these proceedings are assessed against plaintiff-appellee, Albert Pierre.
REVERSED AND REMANDED.
NOTES
[1] See LSA-R.S. 9:4501.
[2] Dorsey denied defendant's warranty claim, maintaining that the cylinder broke because of abuse. Pierre apparently chose not to bring an action against Dorsey to contest that claim. He has instead asserted his claim against Linch alone.
[3] Pierre testified that at the time of sale, plaintiff's salesman told him that there was a warranty on the trailer. That testimony falls far short of proving an express warranty by Linch and its terms and conditions.
[4] Plaintiff's petition sought 25% attorney fees based upon an attorney fee provision in the repair order. That claim will be denied. No proof was provided that defendant was ever made aware of and agreed to that provision. We also note that the authorization portion of the repair order was not signed by defendant or anyone acting on his behalf.