677 So.2d 1050 (1996)
William Michael MITCHELL, Husband of Mary Nobles Mitchell
v.
Nicholas J. POPIWCHAK Husband of, and Mary Elizabeth McDonald Popiwchak, Al Claude, III, Individually and as Agent for Century 21/TLC, Karen N. Philippi, Individually and as Agent for First Southwestern Title Company of Louisiana, Inc. and MNJ Pest Control Company.
No. 95-CA-1423.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1996.
*1051 Guste, Barnett & Shushan, Robert A. Barnett, New Orleans, for Plaintiffs-Appellants Mitchell.
Charles W. Nelson, Jr., New Orleans, for Defendant-Appellant Popiwchak.
Dysart, Sanborn & Tabary, Paul A. Tabary, III, Chalmette, for Defendants-Appellees Al Claude, III, Century 21, TLC Inc., *1052 and Acceleration National Insurance Company.
Before BARRY, KLEES and WALTZER, JJ.
BARRY, Judge.
The trial court ordered rescission of the sale of a house due to redhibitory defects. Plaintiffs' request for damages and expenses was denied. The vendor and the vendees appeal. The issues are whether redhibition applies, if the purchasers waived their right to redhibition, and reimbursement for repairs and attorney fees.

Facts
Defendant Popiwchak owned an "`A' frame" house on Lake Catherine built on leased land. In 1988 Popiwchak listed the building for sale at $44,000 with Century 21 T.L.C. Realty, Inc. Plaintiffs William and Mary Mitchell negotiated with Popiwchak and on February 3, 1988 made a written offer of $32,000. The offer was conditioned on the air conditioning, heating, plumbing, electrical system and appliances being in good order. Popiwchak drew a line through that condition and inserted a handwritten clause which stated "Property sold in `as is' condition. Seller warrants or guarantees nothing except a clear & marketable title." He initialled the changes and signed the offer.
The Mitchells did not initial the changes on the Purchase Agreement. Mrs. Mitchell testified she and her husband did not agree to the changes, but executed an Act of Sale under the belief that the changes had no effect. The sale was completed on February 12, 1988.
A certified copy of the Act of Sale specifies:
THE HEREIN PROPERTY IS CONVEYED "AS IS" with no warranty expressed or implied as to redhibitory defects in the premises. Purchasers represents [sic] that they have fully inspected the improvements located on the property and is [sic] thoroughly acquainted with their condition. Purchaser acknowledges that seller makes no conveyance, warranties, guarantees or representations, expressed or implied pertaining to the condition of the improvements or the fitness thereof for any purpose.
Mrs. Mitchell testified (over objection) that the document she signed did not contain that provision. The record contains an unsigned and uncertified copy of the Act of Sale without the "as is" provision.
Mrs. Mitchell testified she and her husband discovered numerous house defects after the sale, including extensive termite and beetle damage which would cost approximately $38,000 to repair. The Mitchells made some repairs, then filed this suit based on redhibition.
The trial court ordered rescission of the sale, ordered Popiwchak to return the $32,000 purchase price after the Mitchells assigned the property and lease back to Popiwchak. Attorney fees of $5,000 was awarded to the Mitchells.

Redhibitory Claim
Popiwchak argues that redhibition is not applicable because the transfer was a lease assignment, not a sale. That argument has no merit.
The Act of Sale identifies the structure as the object of the sale and does not contain language regarding a lease assignment. Under La.C.C. art. 2520 a seller warrants as to redhibitory vices. Redhibition was the proper remedy.

Warranty
Popiwchak submits that the Mitchells waived their redhibitory claim in the Purchase Agreement and Act of Sale. In a related argument Popiwchak submits that the trial court improperly allowed Mrs. Mitchell to testify that the waiver was not in the Act of Sale she signed.
The parties may exclude or limit warranty against redhibition. Former La.C.C. art. 2503 provided:
The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty....
*1053 Former La.C.C. art. 2548 further recognized the renunciation of warranty:
The renunciation of warranty, made by the buyer, is not obligatory, where there has been fraud on the part of the seller.[1]
Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973) (legislatively overruled on other grounds by the 1974 amendment to La.C.C. art. 2531) involved redhibition to avoid the sale of an automobile. The Supreme Court considered the purchaser's signature on a "buyer's order" document which contained a waiver of all warranties and stated:
Although the buyer may waive the implied warranty against hidden defects ..., the waiver must be clear and unambiguous.... In this case, no waiver of the implied warranty against hidden defects is contained in the "Sale and Chattel Mortgage" document. There is also no evidence that any alleged waiver clause was either brought to the purchaser's attention or explained to him. Hence, we conclude that the plaintiff did not waive the implied warranty against hidden defects which ran in his favor.
Prince, 281 So.2d at 117 [citations omitted].
Subsequent jurisprudence on redhibition as to a movable holds that a waiver must be in the sale and chattel mortgage, shall be clear and unambiguous, and brought to the attention of the buyer. Linch International Trucks, Inc. v. Pierre, 434 So.2d 1225, 1227 (La.App. 1st Cir.1983); Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258, 1260 (La.App. 3d Cir.1982); Hendricks v. Horseless Carriage, Inc., 332 So.2d 892, 894 (La.App.2d Cir.1976).
The Purchase Agreement did not contain the waiver when it was signed. The Mitchells did not initial or acknowledge a waiver and Mrs. Mitchell testified they did not agree to the Purchase Agreement after it was changed by Popiwchak.
The evidence does not establish that the waiver in the Act of Sale was brought to the attention or explained to the Mitchells. The Notary did not testify. Popiwchak testified that he read the Act of Sale before he signed and it contained the waiver. Mrs. Mitchell testified she read the Act of Sale before she signed and it did not contain the waiver. The waiver was not discussed at closing.
The trial court ordered rescission of the sale and implicitly found that the Mitchells did not waive their warranty. Based on the record the trial court was not clearly wrong. See Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La. 7/5/94), 639 So.2d 216, 220-221.

Parol Evidence
Popiwchak argues that the trial court erred by allowing Mrs. Mitchell's testimony that the Act of Sale signed by the parties did not contain a waiver in the authentic act which was filed in the conveyance records. Mrs. Mitchell claims the waiver was added after the sale and before the document was filed.
La.C.C. art. 1848 prohibits parol evidence which would alter an authentic act, except to prove a vice of consent, simulation or modification of the act by subsequent agreement:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
Comment (b) to the article reiterates that testimonial proof may be used against a writing to show error, fraud, or duress.
The Mitchells' amended petition alleges that the closing Notary and her insurer fraudulently altered the Act of Sale by adding the waiver after the document was executed. *1054 Therefore, parol evidence was admissible.
We note the trial judge did not find that the defendants committed fraud.

Opportunity to Repair
Popiwchak argues that the Mitchells did not tender the building for repairs which is a prerequisite to a redhibition suit.
Former La.C.C. art. 2531 (1870), prior to amendment by Acts 1993, No. 841, § 1 (effective Jan. 1, 1995), provided:
The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing....
Tender is a question of fact. Nationwide Finance Company of Gentilly, Inc. v. Jones, 279 So.2d 221, 222 (La.App. 4th Cir.1973). Jurisprudence holds that a request for a replacement or for return of the purchase price satisfies the requirement for tender. Id.; Greenburg v. Fourroux, 300 So.2d 641, 644 (La.App. 3d Cir.), writ den. 303 So.2d 181 (La.1974).
On March 21, 1988 (about six weeks after the sale) Mrs. Mitchell sent Popiwchak a copy of her letter to Ms. D. Lucie and Mr. Al Claude, Jr. at Century 21 TLC Real Estate. The letter provided details of defects in the premises: a broken water pump, disconnected gas line, insufficient electricity, broken water heater, extensive termite damage, broken air conditioning unit, rotting floors, holes in drain pipes, major leaks in the bathtub and bathroom sink, and rotting corner beams. In the letter the Mitchells seek "some form of relief from the monetary burden that has been placed upon us by supressing [sic] and omitting information."
On January 11, 1989 counsel for the Mitchells sent a demand letter to Popiwchak and others advising of the damage and demanding rescission of the sale, return of the price, damages, costs and attorney fees.
There is no evidence that Popiwchak offered or attempted to repair the problems. The trial court did not err by ordering rescission.
Popiwchak further submits that rescission is inappropriate because the Mitchells are unable to return the property. Popiwchak asserts the land was "owned by and leased from" a third person (Louisville and Nashville Railroad Company) and was sold to a corporation whose shareholders include the Mitchells.
The Act of Sale conveys the building. The judgment grants rescission and orders return of the purchase price "upon the plaintiffs' assigning all lease rights and property rights back to the vendor." Mrs. Mitchell testified that she is a shareholder in the corporation which purchased the land after Popiwchak sold the house. She stated that she does not pay rent under a lease. Nonetheless, the Mitchells can return the building which was the object of the sale.
That assignment has no merit.

Expert Testimony
Popiwchak argues the trial court erred by allowing the Mitchells' expert to testify about the structural damage on the building.
La. C.E. art. 702 governs expert testimony:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
The trial court has great discretion whether to qualify an expert witness and has wide latitude whether an expert has the competence, background and experience to qualify. Clement v. Griffin, 91-1664, 92-1001, 93-0591 to 0597, 93-0648 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, 424, writs den. 94-0717, 94-0777, 94-0789 (La. 5/20/94), 637 So.2d 478 and writs den. 94-0791, 94-0799, 94-0800 (La. 5/20/94), 637 So.2d 479. See La. C.E. art. 702, comment (d). Experience alone may be enough to qualify an expert. *1055 Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, 477, writ den. 94-0906 (La. 6/17/94), 638 So.2d 1094. The trial court also has wide discretion to determine whether a question or subject falls within the scope of an expert's expertise. Id. at 477. The decision to qualify an "expert" witness shall not be reversed absent clear error. Clement v. Griffin, 634 So.2d at 424.
Charles Sonnier is a general contractor who works on 50 to 100 restorations and projects per year. He testified he is not a licensed pest control inspector but frequently restores buildings which have termite and insect damage. Without objection the Court qualified Sonnier as an expert in "the area of identifying and estimating costs to repair for insect and other damage."
Considering Sonnier's experience, the trial court correctly qualified him as an expert in the identification and estimation of repair costs for insect damage.
Popiwchak argues Sonnier was improperly allowed to estimate the age of the termite damage which he observed six months after the sale because that is outside Sonnier's field of expertise. Sonnier examined the building in August or September 1988 (six to seven months after the sale) and observed "a lot" of termite damage. He testified that insect and termite damage precipitated rotting of the wood structure. Sonnier estimated the pilings and girders had been damaged two years prior to his inspection, but he admitted he did not know the condition of the property on the date of sale and stated he did not know how long it takes a termite to eat wood. Sonnier further testified there was insect infestation and the pilings, girders and beams were damaged. He stated the majority of the pilings needed to be replaced, as well as girders, beams, and walls. He observed patches over some of the holes. Repairs were estimated at $38,000.
When a trial court erroneously allows expert testimony outside the witness' field of expertise, the appellate court must determine whether the error was harmless or prejudicial. Clement v. Griffin, 634 So.2d at 427-428.
The only questionable testimony is the age of the damage because Sonnier was unfamiliar with such a test. Even if the trial court erred by allowing that testimony, the error was harmless. Sonnier admitted he did not know how quickly termites could damage wood. Several photographs reveal extensive damage and Mrs. Mitchell testified those pictures depict the building shortly after the sale. Also, the March 1988 letter from Mrs. Mitchell to Century 21 complains of extensive termite damage immediately after the sale. Popiwchak was not prejudiced.

Apparent Defects
Popiwchak asserts that he told the Mitchells about defects in the beams and wooden structure during their inspection of the property, and redhibition is not available for a known defect. That assignment has no merit.
Prior to revision by Acts 1993, No. 841, § 1 (effective January 1, 1995), La.C.C. art. 2521 provided that an apparent defect, one which the buyer might have discovered by simple inspection, is not a redhibitory vice. A & B Restaurant Equipment, Inc. v. Homeseekers Savings & Loan, 506 So.2d 137, 140 (La.App. 4th Cir.), writ den. 512 So.2d 852 (La.1987). Former La.C.C. art. 2522 precluded a purchaser from instituting a redhibitory action for a latent defect which the seller declared to the purchaser before or at the time of the sale.[2]
A simple inspection requires more than a casual observation. A buyer who observes a defect should conduct further investigation as a reasonably prudent buyer acting under similar circumstances. A & B Restaurant Equipment, Inc. v. Homeseekers Savings & Loan, 506 So.2d at 140. However, simple inspection generally does not require the purchaser to examine inner or hidden parts of a building to discover termite damage. Id. at 141.
*1056 Popiwchak testified that he met with Mr. and/or Mrs. Mitchell three times prior to the sale. Mr. Mitchell inspected the house for one to two hours during the second meeting. Popiwchak told Mitchell that a beam was dry rotted and needed replacement and that the location of the building on the water necessitated continuous upkeep and occasional problems with cross ties. Popiwchak testified he was unaware of termite damage and did not discuss termites with Mr. Mitchell.
Mrs. Mitchell testified that Popiwchak told the Mitchells the deck rotted due to dampness from the lake. She stated the termite damage was not visible from a visual inspection and that she and her husband did not discover extensive damage until they removed carpet and began to repair the deck.
Popiwchak's declaration to the Mitchells that a beam was dry rotted and there was damage due to dampness did not constitute notice of termite infestation and damage. The defect was not apparent.

Termite Certificate
In a related assignment, Popiwchak asserts that a termite certificate issued prior to the sale revealed the presence of termites. He submits that the Mitchells are not entitled to redhibition because they failed to further investigate.
The purchase agreement requires Popiwchak to provide a termite certificate "certifying that the property is free from termites." The termite certificate notes active termites and there is "some damage."
In Bonhagen v. Hooper, 195 So.2d 447 (La.App. 4th Cir.), writ refused 250 La. 634, 197 So.2d 652 (La.1967), this Court held that a purchaser was not entitled to quanti minoris where the purchase agreement was "subject to the purchaser being able to termite proof and make essential structural repairs due to said termite damage ...," and the purchaser's termite inspector discovered old termite damage and current infestation before the sale. The court held the purchaser waived the right to sue in quanti minoris because termite damage was apparent and the purchaser did not investigate:
(W)e must conclude the plaintiff did not act with reasonable prudence under the circumstances. Having notice of some old damage and current infestation, he was under duty to make further inspection. Having failed to do so, he assumed the risk of more extensive damage which a prudent buyer might have anticipated.... True, the extent of damage was not discovered, and it could not have been found by any inspection short of defacing the house, but... this became necessary once the simple inspection revealed the possibility of more extensive damage.
Bonhagen v. Hooper, 195 So.2d at 450, 451.
Ingraffia v. Coleman, 467 So.2d 616 (La.App. 3d Cir.1985) held that the plaintiff waived his right to quanti minoris because he was aware of termite infestation prior to the sale. Id. at 619, citing Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963).
Application of that rule is limited where the purchaser is not apprised of the termite certificate showing damage prior to the sale. In Thompson v. Klein, 188 So.2d 180 (La. App. 4th Cir.1966), the plaintiffs' offer to purchase was contingent upon obtaining financing from the Federal Housing Administration, which required a favorable termite certificate. The exterminating company issued a certificate indicating past termite infestation but did not recommend repairs, and the FHA approved the loan. Plaintiffs purchased the property without seeing the termite certificate, discovered live termites within two months, and sued for quanti minoris.
The record is quite clear, without contradiction, that neither plaintiff saw Safeway's [the exterminating company] bond or certificate prior to the passage of the act of sale. The first time they saw Safeway's bond was immediately after the passage of the act of sale when the bond was handed to them. They received Safeway's certificate through the mails, and saw it for the first time, after the sale had been passed. Nor does the record contain any evidence that plaintiffs knew the house had been treated for termites. It is therefore unnecessary for us to decide whether or not the certificate, by itself, would have *1057 placed plaintiffs under the duty of making further investigation. They could not have been placed under such a duty by documents concerning which they had no knowledge until after acquisition of title.
Id. at 182.
Mrs. Mitchell testified that the Notary handed the certificate to the Mitchells after the sale was executed. She said she knew there was a certificate but was not apprised of its contents before signing the act of sale. That was corroborated by Popiwchak, who testified that he did not see the certificate at the closing. The termite certificate is not signed by the Mitchells, further supporting Mrs. Mitchell's assertion that they did not receive it or know its contents before the sale was passed.
The Mitchells did not have a duty to further investigate because they were not given the certificate and did not know its contents until after the sale. Thompson v. Klein, supra. They did not waive redhibition.

Damages
The Mitchells contend that they are entitled to repair costs and damages.
Under La.C.C. art. 2531, a seller who did not know of the vice in the thing sold is bound to repair, remedy, or correct the defect. A seller who is unable to do so must restore the purchase price and reimburse the purchaser for
reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing....
La.C.C. art. 2531.
A seller who knows of the defect but does not declare it is liable for damages. La.C.C. art. 2545.
The plaintiff must prove the amount due by a preponderance of the evidence. Landaiche v. Supreme Chevrolet, Inc., 602 So.2d 1127, 1132 (La.App. 1st Cir.1992).
Popiwchak was unaware of the termite infestation and damage prior to the sale. Therefore the Mitchells must prove that their expenses were occasioned by the sale or incurred to preserve the house, but they did not sustain their burden. Mrs. Mitchell identified receipts for pipe, concrete mix, a filter, valves, water heater parts, and air conditioning parts. She did not establish that any of the repairs were "for the preservation of" the house.
The Mitchells claim they are entitled to interest. That argument is not briefed and is abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
We affirm the judgment.
AFFIRMED.
NOTES
[1] Articles 2503 and 2548, as well as jurisprudence interpreting those articles, are now codified in La.C.C. art. 2548 as amended by Acts 1993, No. 841, § 1 (effective January 1, 1995):

The parties may agree to an exclusion or limitation of the warranty against redhibitory defects. The terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer. ... [Emphasis added.]
[2] Revised La.C.C. art. 2521 combines former Arts. 2521 and 2522 and provides that a defect is not redhibitory if it is known to the buyer at the time of sale or should have been discovered by a reasonably prudent buyer.