| xTHIBODEAUX, Judge,
dissenting.
The majority applies the incorrect standard of review on the question of whether there was a valid waiver of warranty. In my view, such an issue is a mixed question of law and fact. To be valid, a waiver of warranty “must be clear and unambiguous and must be brought to the attention of the buyer.” La.Civ.Code art. 2548. Our circuit has consistently held that whether a contract is ambiguous or not is a question of law. As such, the manifest error rule does not apply in the determination of whether or not a contract is clear and unambiguous. Weeks v. T.L. James and Company, Inc., 626 So.2d 420 (La.App. 3 Cir.1993); Taylor v. Burton, 97-1348 (La.App. 3 Cir. 3/6/98); 708 So.2d 531. The Property Condition Disclosure Form which the plaintiff admitted signing clearly states that the “[sjeller does not know or warrant of flood condition.” The meaning of that sentence is pretty pelear. Unless they are terms of art or technical terms, words of a contract must be given their ordinary, generally prevailing meaning. La.Civ.Code art. 2047.
However, La.Civ.Code art. 2548 also requires that an exclusion or limitation of a warranty must be brought to the attention of the buyer. This factor involves a factual determination which is, of course, subject to the manifest error rule. The trial court concluded that it did not believe the defendant proved that the waiver was brought to the attention of the buyer or was explained to *600 her. This is manifestly erroneous. The plaintiffs testimony is clear that the real estate agent, Cynthia Boswell, explained the Property Condition Disclosure Form to her and she admitted signing it. This is not a situation where an individual is an uninformed person. The plaintiff has a degree in accounting and bookkeeping from a technical institute. We have to assume that she understood the import of what she was signing, absent some fraudulent behavior by the other party.
Furthermore, the trial court’s reliance on Mitchell v. Popiwchak, 677 So.2d 1050 (La. App. 4 Cir.1996) is misplaced. In Mitchell, the plaintiff did not sign the waiver on the purchase agreement and there was testimony that the act of sale did not contain a waiver of warranty when it was signed. Additionally, there was no evidence that any alleged waiver clause was either brought to the purchaser’s attention or explained to him. This is not the situation in this case. The record contains strong evidence that the waiver against flooding was brought to the purchaser’s attention and explained to her. Moreover, its terms were neither unclear nor ambiguous.
I would, therefore, reverse the judgment of the trial court. ■ ' '