CHARLES R. JONES, Judge.
The Plaintiff/Appellants appeal the judgment granting of a Motions for Summary Judgment in favor of the Defendants/Ap-pellees and the Third-party Defendants/Appellees, thus dismissing the lawsuit. We affirm.
The Appellees, Estelle McMahon, Thomas McMahon and Mary Richard, acquired the property located at 2430 and 2432 Con *2 stance Street in New Orleans, in a succession proceeding. They listed the property for sale with the Third-Party Defendants and Appellees, Muriel Cassibry, a real estate agent, and ReMax, her real estate agency. The McMahons executed a power of attorney in favor of Ms. Richard to sell the property. They also entrusted Ms. Richard as their “agent”, who then contracted with Ms. Cassibry as the selling agent. On February 11, 1999, the Appellants, Ellen Brandao and John Christy executed a Purchase Agreement for the property owned by the McMahons. Ms. Brandao and Mr. Christy were given a property disclosure form indicating that there was termite damage to the property. On February 26, 1999, Ms. Brandao and Mr. Christy signed a wood destroying inspection report executed by RLR Termite Services. This inspection report also indicated that the property had visible evidence of wood destroying insects. On March 1, 1999, Ms. Brandao and Mr. Christy obtained a roof inspection report lafrom Guaranty Sheet Metal Works, indicating that there was non-termite damage to the roof of the property. On February 26, 1999, the report of Gurtler Bros. Consultants, Inc., indicated that there was structural damage due to the termites.
The act of sale took place on April 28, 1999. The Purchase Agreement did not contain the words “as is” or “waiver of redhibition.” The Appellants argue that at the act of sale, where only a representative of ReMax, Ms. Brandao and Mr. Christy were present, the closing attorney indicated that the above stated language was not included in the paperwork and at that time the parties agreed to set aside $10,000 as “liquidated damages” in the event that damages were later discovered.
After Ms. Brandao and Mr. Christy moved into the premises, they discovered extensive termite and water damage behind the walls which caused all of the sheetrock to be taken down, the damage to be treated and the walls to be replaced.
On April 3, 2000, Ms. Brandao and Mr. Christy filed a Petition in Civil District Court for the Parish of Orleans against the McMahons and Ms. Richard seeking a reduction in price, expenses incurred for repair and other damages to be proven at trial. In their Answer, the McMahons filed a Third Party Demand against Ms. Cassibry, ReMax and their insurance company alleging that these third party defendants are liable to them for any damages because of the failure to include a waiver of redhibition clause. The McMahons, Ms. Cassibry and ReMax filed Motions for Summary Judgment.
In a judgment signed October 25, 2002, the district court granted the Motions for Summary Judgment on behalf of “Estelle McMahon, Thomas McMahon, Mary Richard, Muriel Cassibry and ReMax”, dismissing all of them from suit. It is from this judgment that Ms. Brandao and Mr. Christy appeal. Ms. | .-¡Cassibry and Re-Max also appealed. The district court provided no Reasons for Judgment.
On appeal, Ms. Brandao and Mr. Christy offered one assignment of error and Ms. Cassibry and ReMax offered four assignments of error. However, we find that the sole question on appeal is whether the district court erred in granting the motions for summary judgment.
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. Although the district court fails to provide Reasons for Judgment, the instant case is full of documented evidence to support the *3 district court’s summary judgment in favor of the Appellees.
Ms. Brandao and Mr. Christy rely on La. Civ.Code art. 2520 and art. 2521, arguing that there were redhibatory defects and that the termite and water damage should have been apparent through an inspection by a reasonably prudent buyer. La. Civ.Code art. 2520 reads as follows:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
La. Civ.Code art. 2521 reads:
LThe seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things.
Further, the Appellants rely on Amend v. McCabe, 95-0316, (La.12/1/1995), 664 So.2d 1183, arguing that the question of whether termite damage should be apparent to a reasonably prudent buyer is “a matter of fact” that “produces varied and unpredictable results from case to case.”
Ms. Brandao and Mr. Christy base most of their argument on the testimony of Gurtler, the termite inspector, who testified at trial that the termite damage he found was not out of the ordinary, and that this type of termite damage did not call for an inspection behind the walls.
Ms. Cassibry and ReMax argue that at the very least, a genuine issue of material fact exists as to whether Ms. Cassibry was asked to insert an “as is” clause or a waiver of redhibition clause and failed to do so making them negligent. They rely on La. C.C. art. 2521 and La. C.C. art 2522, Notice of existence of defect, arguing that once termite damage was discovered, Ms. Brandao and Mr. Christy had a duty to investigate further. We find however, that this argument is secondary as these parties are third-party defendants whose basis for appeal becomes moot per the rendering of this opinion.
According to the record, all of the inspections on the home performed by Ms. Brandao and Mr. Christy revealed some type of damage to the property. The RLR Termite report states that the property has “active termites,” and that there is evidence of termite damage. Further, Guaranty Sheet Metal Works documents that the roof is damaged, old, and possibly leaking. Ms. Brandao and Mr. Christy, however, continuously argue that they acted as reasonably prudent buyers in | ¡¡accordance with Amend, and that the Appellees covered up the extent of the damage with “shoddy” work.
Whether termite damage should be apparent to the buyer of a home is a question of fact. Typically, when all of the termite damage is concealed within the home’s structure (e.g., walls and floors) it is considered unapparent because it is not discoverable by a simple inspection. Pursell v. Kelly, 244 La. 323, 152 So.2d 36,(1963), (discussing, with approval, Ruehmkorf v. McCartney, 121 So.2d 757 (La.App. 2d Cir.1960), and Foreman v. Jordan, 131 So.2d 796 (La.App. 3d Cir.1961)). See e.g., Abdelbaki v. University Presbyterian Church, 380 So.2d 35, 37 (La. *4 1980); Fraser v. Ameling, 277 So.2d 633, 638 (La.1973). In such situations, there is no obligation on the part of the buyer to inspect further. Fraser, supra; Pursell, supra. On the other hand, when some of the termite damage is detectable by a simple inspection, the buyer has a duty to investigate further. If he chooses to purchase the home without further investigation, he waives the right to sue for redhibition or reduction based upon the termite damage. See, e.g., Pursell, supra; Ingraffia v. Coleman, 467 So.2d 616 (La.App. 3d Cir.1985); Bonhagen v. Hooper, 195 So.2d 447 (La.App. 4th Cir.1967), writ refused, 250 La. 634, 197 So.2d 652 (1967).
Evidence of “shoddy” work and reports of damage of any kind should have prompted a reasonably prudent buyer to further investigate the damage and perhaps conduct further inspections in order to obtain more professional opinions. _
Further, while Ms. Brandao and Mr. Christy continue to argue that their knowledge of the termite damage does not prohibit them from recovering in redhibition, we disagree. They rely on Brouillette v. Ducote, 93-990 (La.App. 3 Cir. 3/2/1994) 634 So.2d 1243, arguing that they could recover in redhibition for termite damage even though they knew of a report noting the presence of active | fitermites. However, this case is distinguishable because the home in Brouillette was treated, the seller failed to provide the buyers with a “graph” which indicated the termite infestation, and the home inspector did not fill out an area on the inspection report which required a listing of areas where visible damage had been found. Further, the buyers in Brouillette sued the inspector and the Third Circuit found that the inspector failed to inspect on the dates indicated, and failed to show the areas of termite infestation.
Ms. Brandao and Mr. Christy had a duty to perform further inspections once the home inspections revealed damage. Their failure to do so indicates a tacit acceptance evidencing that they were willing to purchase the property as the inspections revealed without further investigation. Also, this acceptance was reinforced at the act of sale when Ms. Brandao and Mr. Christy agreed to set aside $10,000 as “liquidated damages” in the event that damages were later discovered.
The argument of Ms. Cassibry and Re-Max regarding the failure to include the “as is” language in the closing documents is of no relevance at this time. This argument serves as their defense if we were to find that the district court erred. A review of the record and testimony reveals that the district court did not err in granting the Motions for Summary Judgment. The Appellants desired to “fix up” and/or renovate the property at issue to some extent, and should have taken a more active role in getting estimates as to the amount of damage the property had sustained, in accordance with Amend. Further, our de novo review indicated that there is nothing in the record which indicates that the district court erred in the judgment rendered.
[7Pecree
For the reasons stated above, we affirm the judgment of the district court granting the Motions for Summary Judgment in favor of Estelle and Thomas McMahon, Mary Richard, Muriel Cassibry and Re-Max.
AFFIRMED.